Acting Commissioner<br/>of Social Security

This certifies that you (or the person(s) on whose behalf you applied), became entitled under the Social Security Act to the Social Security benefits shown.

The ISALY COMPANY, Plaintiff,

v.

KRAFT, INC., Defendant.

No. 82–517 Civ–T–10.

United States District Court,
M.D. Florida,
Tampa Division.

Sept. 3, 1985.

Rodney Morgan, L. David Shear, Shear, Newman & Hahn, P.A., Tampa, Fla., Joseph Diamante, Michael C. Stuart, Robert M. Kunstadt, Barry D. Rein of Pennie & Edmonds, New York City, for plaintiff.

Thomas T. Steele, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, Fla., Jerome Gilson, Susan C. Cramer, Gary M. Ropski, Willian, Brinks, Olds, Hofer, Gilson & Lione, Ltd., Chicago, Ill., for defendant.

## ORDER

HODGES, Chief Judge.

Before the Court is the Defendant's Motion to Stay Injunction and Damages Proceeding Pending Appeal.

Pursuant to Rule 62(c), F.R.Civ.P., "the court in its discretion may suspend ... an injunction during the pendency of an ap-

peal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party." The factors to be considered in determining whether to grant a stay pending appeal are:

(1) whether the movant has made a showing of likelihood of success on the merits, (2) whether the Movant has made a showing of irreparable injury if the stay is not granted, (3) whether the granting of the stay would substantially harm the other parties, and (4) whether the granting of the stay would serve the public interest.

*Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir.1981).* Having decided for Plaintiff on the facts and the law, I am obviously not disposed to find that the Defendant now enjoys a likelihood of success on the appeal.

However, there is an alternative test to be applied. The Defendant "need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting a stay." *Id.* It is clear that the Plaintiff will present substantial issues on its appeal. Moreover, in balancing the present equities, it is probable that denying a stay would moot the appeal for all practical and economic purposes. The status quo would be altered and the Defendant would be forced to incur substantial costs in changing its package design and advertising the new changes. Once these costs are incurred, the Defendant would find little or no value in reverting to its original packaging even if it should prevail on appeal.

Plaintiff, who has been injured by Defendant's wrongful conduct, will continue to be injured if the stay is granted. However, these damages will be compensable should the Defendant lose on its appeal. In addition, the Plaintiff's interests can be protected by requiring an appropriate bond.

Upon due consideration, the Motion to Stay Injunction and Damages Proceedings Pending Appeal is hereby GRANTED, and the injunction is stayed subject to the posting of appropriate security in the amount of Five Hundred Thousand Dollars ($500,-000.00) conditioned to pay all costs or damages should it be determined that this stay was improvidently granted.

IT IS SO ORDERED.

---

* *Ruiz* represents the law of the Eleventh Circuit on this issue at this time. *Bonner v. City of* *Prichard, Alabama,* 661 F.2d 1206, 1207 (11th Cir.1981).