836 F.2d 546
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
JEFFERSON HOTEL ASSOCIATES LIMITED PARTNERSHIP, Plaintiff-Appellant,
v.
ALGERNON BLAIR, INC., Algernon Blair Services Corporation,
Defendants-Appellees.
 No. 87-1580.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 2, 1987.
Decided Dec. 23, 1987.
 
 1
 Jeffrey Alan Mishkin (Francis D. Landrey, Proskauer, Rose, Goetz & Mendelsohn, Robert Terrence Ney, Thomas Francis Farrell, II, Amy T. Holt, John S. Morris, III, McGuire, Woods, Battle & Boothe on brief) for appellant.
 
 
 2
 Randall F. Hafer (Bert R. Oastler, Thomas J. Kelleher, Jr., Smith, Currie & Hancock, William D. Bayliss, W.F. Drewry Gallalee, Browder, Russell, Morris & Butcher on brief) for appellees.
 
 
 3
 PER CURIAM: Jefferson Hotel Associates appeals the district court's order compelling arbitration of its contract dispute with Algernon Blair, Inc. Because we find that the parties incorporated into their contract the American Institute of Architects Document A201 (A.I.A. form A201), which includes a provision requiring arbitration of disputes arising under the contract, we affirm the district court's order.
 
 I.
 
 4
 In August 1983, Jefferson Hotel Associates and Algernon Blair, Inc. entered into the Turnkey Rehabilitation and Rehabilitation Management whereby Algernon Blair agreed to construct and rehabilitate the Jefferson hotel for a fixed contract price.
 
 
 5
 The Turnkey Agreement itself did not address the question of arbitration. However, Exhibit D, attached to the agreement and defined in Sec. 1.5 of the agreement as the "preliminary specifications," purported to make A.I.A. form A201 part of the contract. Paragraph 1.01 of Exhibit D provided in relevant part:
 
 
 6
 General Conditions of the Contract for Construction of Buildings, Standard Form A-201, current edition, of the American institute of Architects, shall form part of the contract, including certain modifications and Special Conditions required for the full performance of the work.
 
 
 7
 Section 7.9.1 of A.I.A. A201, in turn, provided that:
 
 
 8
 All claims, disputes and other matters in question between the Contractor and the Owner arising out of, or relating to, the Contract Documents or the breach thereof, ... [with certain specified exceptions], shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise.
 
 
 9
 Section 3 of the Turnkey Agreement, entitled "Incorporation by Reference," states that "the following documents are hereby incorporated by this reference into this Agreement." The documents listed are Exhibit A (a description of the land) and Exhibit E (a preliminary breakdown of contract price). No mention is made in Sec. 3 of Exhibit D.
 
 
 10
 When a dispute arose between the parties, Algernon Blair, on November 19, 1986, filed a Demand for Arbitration against Jefferson Hotel. Jefferson Hotel filed this action to stay arbitration on January 19, 1987, in the Circuit Court of the City of Richmond, Virginia, alleging that the parties had not agreed to arbitrate disputes. Algernon Blair removed the action to the United States District Court for the Eastern District of Virginia and moved to stay the judicial proceedings and compel arbitration. On March 30, 1987, the district judge ruled that under the terms of the agreement the parties had agreed to arbitrate their disputes. An order granting Algernon Blair's motion to compel arbitration, but staying arbitration pending appeal, was issued the next day. Jefferson Hotel appeals the order compelling arbitration.
 
 II.
 
 11
 The Arbitration Act, 9 U.S.C. Sec. 4, requires a party seeking to compel arbitration to establish that the parties entered into an agreement to arbitrate and that the agreement was subsequently breached. See In re Mercury Const. Corp., 656 F.2d 933, 939 (4th Cir.1981), affirmed sub nom, Moses H. Cone Hospital v. Mercury Const. Corp., 460 U.S. 1 (1983). However, "questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration." Moses H. Cone Hospital, 460 U.S. at 24. The Supreme Court has held that courts must "vigorously enforce" arbitration agreements, Shearson/American Express, Inc. v. McMahon, 107 S.Ct. 2332, 2337 (1987), and should resolve problems of contract construction in favor of arbitration. See Moses H. Cone Hospital, 460 U.S. at 24-25.
 
 
 12
 "The interpretation of a written contract is a question of law subject to de novo appellate review." Scarborough v. Ridgeway, 726 F.2d 132, 135 (4th Cir.1984); see Willie M. v. Hunt, 657 F.2d 55, 59 (4th Cir.1981). That these parties intended to incorporate the arbitration agreement in A.I.A. form A201 into their contract is clear from an examination of the four corners of the agreement. The parties made Exhibit D part of their contract. Article 3 of the agreement does not preclude or limit the incorporation of documents not listed thereunder from becoming part of the contract. Section 1.5 of the agreement defines the preliminary specifications as "those documents marked 'preliminary specifications' initiated by [Jefferson Hotel] Associates and Algernon Blair and attached hereto as Exhibit D." Nothing in these provisions suggests that the parties intended selectively to incorporate some parts of Exhibit D into and exclude other portions of the same exhibit from their agreement.
 
 
 13
 Paragraph 1.01 on the first page of Exhibit D clearly and explicitly makes A.I.A. form A201 a part of the contract. A.I.A. form A201 is a standard form widely used in the construction industry. The parties here were both experienced in construction dealings and there is no suggestion that Jefferson Hotel Associates was unfamiliar with the form's contents, including Sec. 7.9.1, which contained the agreement to arbitrate disputes arising under the contract.
 
 
 14
 The clear language of the Turnkey Agreement and its exhibits reveals the parties' intention to incorporate A.I.A. form A201 and its arbitration provision into their contract. This circuit has rigorously enforced agreements to arbitrate, including those incorporated into the contract by reference. See Maxum Foundations, Inc. v. Salus Corp., 779 F.2d 974 (4th Cir.1985). Here, as in Maxum Foundations, "the application of general rules of contract construction enables us to find that the parties intended to incorporate the terms of [form A201], including the arbitration clause, without finding separately a specific intent to agree to arbitrate." Id. at 981. To read the contract as suggesting otherwise would not only disregard the plain language of the parties' agreement, but would also ignore the federal policy favoring arbitration adopted by Congress in the Federal Arbitration Act.
 
 
 15
 For the foregoing reasons, we find that the district court properly granted Algernon Blair's motion to compel arbitration. However, we deny the request of Algernon Blair for sanctions. We therefore affirm the district court's order and remand with directions that the proceedings below be stayed pending arbitration of the parties' disputes.
 
 
 16
 AFFIRMED AND REMANDED.