Present:  All the Justices

RYAN E. SMITH, BY HER NEXT
FRIEND AND PARENT, NINA ROSEN
                         OPINION BY JUSTICE LEROY R. HASSELL, SR.
v.   Record No. 961766        June 6, 1997

WILLIAM C. SMITH

          FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
               Arthur B. Vieregg, Jr., Judge


                              I.

     The primary issue in this appeal is whether the

plaintiff's evidence was sufficient to establish a claim for

alleged conversion of funds under Code § 31-38, which is a

part of the Virginia Uniform Transfers to Minors Act.

                              II.

     Ryan E. Smith, by her next friend and parent, Nina

Rosen, filed her motion for judgment against William C.

Smith.  Plaintiff alleged that the defendant, who is Ryan's

father, converted proceeds from the sale of bonds that he

had placed in a custodial account with Merrill, Lynch,

Pierce, Fenner & Smith, Inc., "pursuant to the former

Uniform Gift[s] to Minors Act, former Virginia Code § 31-26,

et seq. and now § 31-37 as amended."  The defendant filed a

grounds of defense admitting that he had purchased certain

bonds for the benefit of the plaintiff, but denying that he

had committed any unlawful acts.

     The plaintiff filed a pretrial motion for summary

judgment and requested that the trial court enter judgment

on her behalf.  The trial court refused to do so, holding

that there were genuine issues of fact in dispute and that

summary judgment was premature at that stage of the proceedings.

On the morning of a bench trial, the defendant moved to dismiss the plaintiff's action on the basis that the court lacked subject matter jurisdiction. The defendant asserted that the evidence would show that the Uniform Transfers to Minors Act "could not apply because none of the prerequisites for [the] application of the Act under . . . Code § 31-38 were met by the alleged transfer." Code § 31-38, which is a part of the Virginia Uniform Transfers to Minors Act, states in relevant part[*]:

> "This chapter applies to any transfer that refers to the Uniform Transfers to Minors Act or this chapter in the designation under § 31-45 A by which the transfer is made if, at the time of the transfer, the transferor, the minor, or the custodian is a resident of this Commonwealth or the custodial property is located in this Commonwealth. The custodianship so created remains subject to this chapter despite a subsequent change in residence of a transferor, the minor, or the custodian, or the removal of custodial property from the Commonwealth.

> . . . .

> A transfer that purports to be made and which is valid under the Uniform Transfers to Minors Act, the Uniform Gifts to Minors Act, or a substantially similar act of another state is governed by the law of the designated state and may be executed and is enforceable in the Commonwealth if, at the time of the transfer, the transferor, the minor, or the custodian is a resident of the designated state or the custodial property is located in the designated state."

_____

[*]The Uniform Gifts to Minors Act, former Code §§ 3-26 through -36, was repealed by the General Assembly in 1988 and replaced by the Virginia Uniform Transfers to Minors Act, Code § 31-37 through -59.

(Emphasis added).

The plaintiff objected, contending that the trial court should not consider such motion on the morning of trial. The trial court offered the plaintiff a continuance and cautioned her that "this is a matter either of granting you a continuance, which I would readily do under these circumstances, or alternatively, trying the case. . . ." The plaintiff's counsel, after consulting with plaintiff, declined the court's offer of a continuance. The trial court took the defendant's motion under advisement and the plaintiff proceeded.

The plaintiff's mother testified that she, the plaintiff, and the defendant lived in the District of Columbia in September 1984, when the bonds were allegedly transferred. The plaintiff's mother also testified that the bonds were maintained in the District of Columbia at the offices of Merrill, Lynch, Pierce, Fenner & Smith, Inc.

Plaintiff called the defendant as an adverse witness. The defendant testified that when he established the account at Merrill, Lynch, Pierce, Fenner & Smith, Inc., he did not make a gift to plaintiff and that he explicitly told his broker "not to do anything with respect to a gift or any sort of gift act." Rather, the defendant stated that he had directed his broker to purchase the bonds and structure the transaction so that the bonds would be taxed at his daughter's lower rate of income taxation.

The defendant testified that he redeemed the bonds and

utilized the funds for various purposes, including payment of the plaintiff's private school tuition and child support. Additionally, the proceeds from the sale of one of the bonds, which the defendant had used as collateral for a business loan, was forfeited.

At the conclusion of the plaintiff's evidence, the defendant renewed his motion to dismiss the plaintiff's case on the basis that the court lacked subject matter jurisdiction. The trial court agreed with the defendant, dismissed the action, and entered a judgment in his favor.

Subsequently, the trial court, sua sponte, reconsidered its ruling. The trial court held that the plaintiff's evidence showed that the purported designation and gift could not have been made pursuant to the Virginia Uniform Transfers to Minors Act because the plaintiff failed to prove that either the gift or the parties had any nexus to Virginia when the gift was purportedly made. Amending its earlier ruling, the trial court held that it did have subject matter jurisdiction to consider the plaintiff's cause of action. The court entered an order which stated in part:

> "ADJUDGED, ORDERED and DECREED that Defendant's Motion to Strike be and hereby is GRANTED on the ground that Plaintiff's evidence was insufficient to support the claim for relief sought herein, for the reason that Plaintiff's evidence showed that the alleged designation and gift was not made under the Virginia Uniform Transfers to Minors Act and therefore Defendant owed no fiduciary duties to Plaintiff under the Virginia Act."

The plaintiff then filed a motion requesting that the trial court vacate its judgment and permit her to amend her pleadings to conform with the evidence. The trial court denied that motion and the plaintiff appeals.

III.

In response to the plaintiff's requests for admission, the defendant admitted the following: he purchased and transferred bonds to his daughter under the Virginia Uniform Gifts to Minors Act, Code § 31-26, et seq., now the Virginia Uniform Transfers to Minors Act, Code § 31-37, et seq.; he held the bonds in a custodial account for her; he sold seven of the bonds and deposited the proceeds of $58,093.03 in his personal checking account; and he forfeited a bond, in the amount of $11,282, which he had used as collateral for a loan. The plaintiff argues that the defendant's responses to her requests for admission demonstrate that she is entitled to judgment as a matter of law and, therefore, the trial court erred by denying her motion for summary judgment. We disagree.

We have stated that "the decision to grant a motion for summary judgment is a drastic remedy which is available only where there are no material facts genuinely in dispute." Slone v. General Motors Corp., 249 Va. 520, 522, 457 S.E.2d 51, 52 (1995) (quoting Turner v. Lotts, 244 Va. 554, 556, 422 S.E.2d 765, 766 (1992)). Additionally, "[i]n our discovery rules, we have cautioned that discovery ordinarily should not supplant the taking of evidence at a

trial. . . ." Carson v. LeBlanc, 245 Va. 135, 137, 427 S.E.2d 189, 190 (1993).

In denying the plaintiff's motion, the trial court stated:

> "I think there are genuine issues of fact that preclude the court from granting summary judgment. I think the legal issues are very novel and I think that they have been well presented. But I think that it would be premature to make a judgment about the merits of any of the legal issues."

The record reveals that there were factual issues in dispute. For example, the defendant denied that he had committed any illegal or unlawful acts against the plaintiff. The defendant also disputed the plaintiff's allegation that he used the proceeds from the sale of the bonds for his personal use. Rather, the defendant asserted that he had purchased the bonds to insure that he would have funds to satisfy his contractual obligations under a separation and property settlement agreement with the plaintiff's mother. Thus, we hold that the trial court properly denied plaintiff's motion for summary judgment.

IV.

Plaintiff argues that the trial court abused its discretion "in permitting the [d]efendant to recant on the morning of trial, [his] prior written admission that the custodial property was created under the Virginia Uniform Gifts to Minors Act." The plaintiff says that the defendant did not file a motion to withdraw or amend his responses to requests for admission and, therefore, plaintiff was

prejudiced "by the court's allowance of the 'withdrawal.'"

The defendant, relying upon <u>TransiLift Equipment, Ltd.</u> v. <u>Cunningham</u>, 234 Va. 84, 360 S.E.2d 183 (1987), argues that the plaintiff waived her right to rely upon any conclusive effect of his responses to her requests for admission.  We agree with defendant.

Rule 4:11 permits a party to serve written requests for admission upon any other party.  Rule 4:11(b) states, "[a]ny matter admitted under this Rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission."

However, in <u>Cunningham</u>, we held that a defendant, who failed to object to a plaintiff's testimony, which was contrary to the plaintiff's responses to requests for admission, waived any binding and conclusive effect of the responses to the requests for admission.  <u>Id.</u>, at 92, 360 S.E.2d at 188.  Applying this rule, we hold that the plaintiff waived her right to rely upon any binding and conclusive effect of the defendant's admissions because she failed to object to his testimony which directly contradicted those admissions.  As we mentioned in part II of this opinion, the defendant testified without objection that he did not give the bonds to plaintiff.  Indeed, we observe the plaintiff elicited the contradictory testimony from the defendant during her direct examination of him.

V.

The plaintiff argues that the trial court erred by

granting defendant's motion to strike her evidence. We disagree.

Code § 31-38 specifies that a transfer which is valid under the Uniform Transfers to Minors Act or the Uniform Gifts to Minors Act is enforceable in Virginia if, at the time of the transfer, the transferor, the minor, or the custodian is a resident of the designated state or the custodial property is located in the designated state. The plaintiff's own uncontroverted evidence established that the plaintiff, defendant, and custodian of the account were residents of the District of Columbia when the defendant purportedly transferred the bonds to her. The plaintiff conceded at trial that Virginia is the designated state. Thus, applying the plain meaning of the words in Code § 31-38, the plaintiff may not enforce any rights that she may have obtained as a result of the alleged transfer because when the purported transfer occurred, none of the specified parties was a resident of Virginia and the custodial property was not located in Virginia.

                              VI.

Plaintiff contends that the defendant was allowed to create and profit from a "variance" between the proof and the pleadings and that the trial court abused its discretion by failing to grant the plaintiff's motion to amend its pleadings to conform to the evidence as permitted by Code § 8.01-377. We find no merit in the plaintiff's contentions.

Code § 8.01-377 states:
"If, at the trial of any action, there appears to be a variance between the evidence and the allegations or recitals, the court, if it consider that substantial justice will be promoted and that the opposite party cannot be prejudiced thereby, may allow the pleadings to be amended, on such terms as to the payment of costs or postponement of the trial, or both, as it may deem reasonable. Or, instead of the pleadings being amended, the court may direct the jury to find the facts, and, after such finding, if it consider the variance such as could not have prejudiced the opposite party, shall give judgment according to the right of the case."

We recently stated that Code § 8.01-377 "should not be interpreted in a manner inconsistent with its plain language." Hensley v. Dreyer, 247 Va. 25, 30, 439 S.E.2d 372, 375 (1994); accord City of Richmond v. Richmond Metropolitan Auth., 210 Va. 645, 648, 172 S.E.2d 831, 833 (1970). Code § 8.01-377 authorizes a trial court to grant a variance "at the trial of any action." Here, the plaintiff did not seek a variance at the trial of her action. Rather, she made her motion nine days after the trial court had granted the motion to strike her evidence and concluded the case. We hold that the trial court properly denied the motion because it was not made "at the trial of any action."

VII.

In view of the foregoing, we need not consider plaintiff's remaining arguments. Accordingly, we will affirm the judgment of the trial court.

Affirmed.