## CIRCUIT COURT OF FAIRFAX COUNTY

Berger et al.

v.

Pulte Home Corp. et al.

Case No. (Law) 183428

Burdin et al.

v.

Pulte Home Corp. et al.

Case No. (Law) 184141

Colombi et al.

v.

Pulte Home Corp. et al.

Case No. (Law) 184142

Eden et al.

v.

Pulte Home Corp. et al.

Case No. (Law) 183921

Gang et al.

v.

Pulte Home Corp. et al.

Case No. (Law) 186501

Hawxhurst et al.

v.

Pulte Home Corp. et al.

Case No. (Law) 185075

Lincoln et al.

v.

Pulte Home Corp. et al.

Case No. (Law) 184015

Malchow et al.

v.

Pulte Home Corp. et al.

Case No. (Law) 184008

Rebibo et al.

v.

Pulte Home Corp. et al.

Case No. (Law) 183920

Rodgers et al.

v.

Pulte Home Corp. et al.

Case No. (Law) 185074

38

Rowen et al.

v.

Pulte Home Corp. et al.

Case No. (Law) 184424

March 6, 2001

BY JUDGE R. TERRENCE NEY

This matter comes before the Court on Defendant's ("Pulte") Consolidated Motion for Stay Pending Appeal. The appeal pending is before the Virginia Supreme Court and was filed by Pulte pursuant to Virginia Code § 8.01-581.16 on February 28, 2001.

Virginia Code § 8.01-581.016 states:

An appeal may be taken from:

1. An order denying an application to compel arbitration made under § 8.01-581.02;

2. An order granting an application to stay arbitration made under subsection B of § 8.01-581.02;

3. An order confirming or denying an award;

4. An order modifying or correcting an award;

5. An order vacating an award without directing a rehearing; or

6. A judgment or decree entered pursuant to the provisions of this article.

The appeal shall be taken in the manner and to the same extent as from orders or judgments in a civil action.

The appeal addresses the question as to whether these cases should be resolved by arbitration.

Substantively, these lawsuits involve the use and/or application of an allegedly defective stucco product known as "EIFS" on homes purchased by the plaintiffs from Pulte. Although these various lawsuits have been pending for some time, only recently have demands for arbitration been filed in them by Pulte. The basis for the demands is a provision calling for arbitration that is contained in a warranty which is incorporated by reference in the sales agreements between plaintiffs and Pulte. The plaintiffs have resisted the demands for arbitration on a number of bases including, among others, that the provision itself was not included in the sales agreements, was not properly incorporated by reference, was not a part of the contract documents, was not delivered to the plaintiffs at the time that the sales agreements were executed, has been waived by Pulte by its actions in defending these various lawsuits and engaging in extensive discovery before making its demand for arbitration, and, as a result, should not be enforceable against the plaintiffs.

On February 19, 2001, this Court, per the Honorable Robert W. Wooldridge, Jr., denied the demands for arbitration on the basis that the arbitration provision was not contained in the contract documents. An Order was entered to that effect and, on February 27, 2001, the Notice of Appeal was filed by Pulte.

A Consolidated Motion for Stay Pending Appeal was filed on February 27, 2001. The matter was argued before the Court on March 2, 2001.

In Virginia, a stay is not automatic upon the filing of a notice of appeal. Virginia Code § 8.01-581.16 provides for an appeal of what would otherwise be an interlocutory order, yet does not grant an automatic stay. Notwithstanding, the purpose of an appeal of such an order if no stay is granted is totally frustrated where the intervening trial would effectively moot the issue on appeal. Given a statutory permit to appeal an otherwise interlocutory order, a trial court must determine, in its discretion, whether a stay of the underlying cause pending the appeal should be granted.

In determining whether to grant a stay, the factors enunciated in *Hilton v. Braunskill*, 481 U.S. 770, 95 L. Ed. 2d 724, 107 S. Ct. 2113 (1987), are most instructive. These are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776, 95 L. Ed. 2d 724, 107 S. Ct. 2113 (1987). All four factors must be considered.

Pulte argues that it can present a "substantial case on the merits" with regard to the issue on appeal and cites *Isaly Co. v. Kraft, Inc.*, 622 F. Supp. 62 (M.D. Fla. 1985), for authority that this standard alone satisfies the strong showing requirement, the first *Hilton* factor. Pulte contends that whether it will succeed or not succeed on its appeal is not the determinative inquiry. It is rather, according to *Isaly*, whether it has demonstrated that it presents a "substantial case on the merits." *Id.*

On this point, the Court finds compelling the reasoning of the United States District Court in *GTE Products Corp. v. Kennametal, Inc.*, 772 F. Supp. 907 (W.D. Va. 1991). There the issue presented was whether an injunction[1] should be stayed pending an appeal of the court's grant of the injunction. After noting first that, under the Federal Rules, Fed. R. Civ. P. 62(c), whether to stay an injunction during an appeal rests within the sound discretion of the court, the district judge went on to consider the four-part test set out in *Hilton*. Quoting *Hilton*, the court noted: "since the traditional stay factors contemplate individualized judgments in each case, the formula cannot be reduced to a set of rigid rules." *GTE Products Corp. v. Kennametal, Inc.*, 772 F. Supp. 907, 920 (W.D. Va. 1991); *Hilton v. Braunskill*, 481 U.S. 770, 777, 95 L. Ed. 2d 724, 107 S. Ct. 2113 (1987). In its consideration of the four factors, the court found that the applicant, Kennametal, might well be irreparably damaged absent a stay, that the defendant, GTE, would not be substantially injured by the imposition of a stay, and that the public interest favored granting a stay. As to the fourth and final factor, whether the stay applicant has made a strong showing that it is likely to succeed on the merits, the court stated as follows: "While I cannot say that Kennametal has made a strong showing that it is likely to succeed on appeal, I do find that Kennametal has 'a substantial case on the merits'." *GTE Products Corp. v. Kennametal, Inc.*, 772 F. Supp. 907, 920 (W.D. Va. 1991) (citing *Hilton*, 481 U.S. at 778).

The same is true here. It is not entirely clear to the Court that Pulte has made a strong showing that it is likely to succeed on the merits. The arbitration provisions in these cases are contained in warranty agreements that are incorporated by reference in the sales agreements between the various plaintiffs and Pulte. They are not set out in the sales agreements themselves. Nonetheless, no Virginia authority has yet addressed a similar situation and it may be that, given the strong public policy favoring arbitration,[2] an

---

[1]  The injunction was to prohibit manufacture of products pursuant to an allegedly willful patent infringement.

[2]  See *In re Mercury Const. Corp.*, 656 F.2d 933 (4th Cir. 1981), affirmed *sub nom. Moses H. Cone Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 74 L. Ed. 2d 765, 103

incorporation by reference is enough. *Cf. Jefferson Hotel Assoc., Ltd. Partnership v. Algernon Blair, Inc.*, 836 F.2d 546, 1987 WL 30172 (4th Cir 1987) (unpublished disposition). As a result, the position asserted by Pulte is in fact substantial and the Court is unwilling to conclude that the Supreme Court of Virginia may not consider it favorably.

Second, the potential harm to Pulte associated with participation in the trial of a case that is later determined to have been the appropriate subject of arbitration is self-evident. Allowing the scheduled trials to proceed would destroy the *status quo* in the cases before it can be determined whether arbitration rather than litigation should be the method of dispute resolution. *See Janmort Leasing, Inc. v. Econo-Car Int'l*, 475 F. Supp. 1282, 1294 (E.D. N.Y. 1979); *Merrill Lynch, Inc. v. District Court of Denver*, 672 P.2d 1015, 1018 (Colo. 1983); *Teradyne, Inc. v. Mostek Corp.*, 797 F.2d 43, 51 (1st Cir. 1986). The cost and expense of a two-week trial are plainly considerable and involve a tremendous use of resources.

Third, the direct harm to the Plaintiffs in general does not appear to be significant as a result of the granting of this stay. Many of these matters have been pending for some time, discovery is complete, and a few extra months will not matter greatly, especially when weighed against the costs of a trial that possibly need not occur. Notwithstanding, especially as a result of the late hour that this motion comes on, it appears equitable that any costs incurred by the Berger Plaintiffs with respect to the transportation of out of town witnesses to Fairfax in preparation for the trial that was anticipated to begin on Monday, March 5, 2001, should be reimbursed by Pulte. A bond should be posted by Pulte in the amount of $1,000.00 to assure payment of these costs.

Finally, the Court views the question of the public interest in this case to be both a question of economy in the use of judicial resources and the concomitant recognition that public policy as enumerated in Virginia Code §§ 8.01-581, *et seq.*, favors arbitration. Because trials of these issues may not be necessary should the Supreme Court of Virginia reverse the decision in these cases, it appears reasonable to stay these matters until the Virginia Supreme Court has rendered a decision before resources are expended on trials that ultimately may not be necessary.

In summary, after a consideration and weighing of all four factors enumerated in *Hilton*, it is the opinion of the Court that this litigation should be stayed pending appeal.

---

S. Ct. 927 (1983); *Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 96 L. Ed. 2d 185, 107 S. Ct. 2332 (1987).

42

For these reasons, it is hereby ordered that the trials of these matters are hereby stayed upon the posting by the Defendant of a bond in the amount of $1,000.00, cash or corporate surety, to reimburse the Berger Plaintiffs, in Law No. 183428, for any amounts shown by them to have been expended by them as a result of the staying of the trial set for March 5, 2001.