## CIRCUIT COURT OF ARLINGTON COUNTY

The Navy League Building, L.L.C.

v.

James G. Davis Construction Corp.

July 28, 2005

Case No. (Chancery) 05-108

BY JUDGE WILLIAM T. NEWMAN, JR.

This matter comes before the Court on Complainant's ("Navy League") Motion to Stay Arbitration Pending Appeal. Complainant intends to appeal the decision of the Honorable Judge Richard J. Jamborsky, sustaining the Motion for Summary Judgment filed by Respondent ("Davis"), made on July 6, 2005.

The Motion for Summary Judgment addressed Davis' belief that this matter should be resolved by arbitration. Judge Jamborsky held that Davis is entitled to proceed with arbitration due to an arbitration clause in the construction contract between Navy League and Davis. It was Navy League's position that, although there is an arbitration clause in the contract, Davis did not properly demand arbitration within the time period provided in the clause. Judge Jamborsky lifted the previous stay on arbitration and dismissed this case. Navy League currently seeks a second stay of arbitration while it appeals Judge Jamborsky's ruling.

Although the Virginia Supreme Court has not addressed this issue, courts have consistently held that the following factors should be considered when deciding whether to grant a stay pending appeal:

(1) Whether the party seeking appeal has made a strong showing that he is likely to succeed on the merits;

(2) Whether the party seeking appeal will be irreparably injured absent a stay;

(3) Whether issuance of the stay will substantially injure the other party; and

(4) Where the public interest lies.

*Hilton v. Braunskill,* 481 U.S. 770, 776 (1987); *see also Berger v. Pulte Home Corp.,* 55 Va. Cir. 36, 39 (Fairfax County 2001); *Odetics, Inc. v. Storage Tech. Corp.,* 14 F. Supp. 2d 785, 798 (E.D. Va. 1998).

In the instant case, the Court finds that the decisive factor is Complainant's likelihood to succeed on the merits of its appeal. The Court recognizes that there is only one Virginia case that deals with the factors to be considered in granting a stay pending appeal. In *Berger v. Pulte Home Corporation, supra,* the moving party sought a stay of the trial in order to appeal the trial court's denial of its demands for arbitration. As in this case, the Honorable Judge R. Terrence Ney of the Circuit Court of Fairfax County determined the most decisive factor was the moving party's likelihood of success on the merits. He granted the stay holding that, although "it is not entirely clear to the Court that Pulte has made a strong showing that it is likely to succeed on the merits . . . the Court is unwilling to conclude that the Supreme Court of Virginia may not consider it favorably." Judge Ney relied on a Virginia federal District Court case that interpreted "likelihood of success on the merits" to mean that the party has a "substantial case on the merits." Judge Ney found that the moving party had a substantial case on the merits.

It is unclear whether the Virginia Supreme Court would require that the party have a "likelihood of success on the merits" or that they have a "substantial case on the merits." Given the widespread acceptance of the "likelihood of success on the merits" standard throughout the country and, given the fact that, if a party is likely to succeed on the merits, it certainly has a substantial case on the merits, the Court will only consider whether Navy League is likely to succeed on the merits.

The Court finds that Navy League is likely to succeed on the merits on appeal. The Virginia Supreme Court stated that "summary judgment is a drastic remedy which is available only where there are no material facts

genuinely in dispute." *Smith v. Smith*, 254 Va. 99, 103 (1997). The Supreme Court continually cautions trial courts on granting summary judgment and ending a case prematurely. *Id*.

In light of the strong policy disfavoring summary judgment, it is likely that the Supreme Court will find that the granting of summary judgment was premature in this case. Most importantly, no discovery has taken place. Davis contends that discovery is not necessary. Davis argues that whether the letter denying the change order was a "final decision" under the arbitration clause and whether Davis waived arbitration are legal questions. Davis states that all courts that have examined this particular arbitration clause language have held that it is clear and unambiguous. They have held that the denial letter must make the necessary recitals to constitute a "final decision" and to begin the thirty day period in which a demand for arbitration must be made. Davis believes that because these recitals were not made in the denial letter, this was not a "final decision" and Davis did not have to demand arbitration within thirty days. None of the cases Davis cites that support this interpretation of the arbitration clause are Virginia cases. Therefore, it is uncertain how a Virginia court would interpret this language.

The meaning of the arbitration clause language in the contract is a legal question. Navy League does not dispute that the denial letter did not make the contractual recitals. Rather, Navy League proceeds on the theory that the denial letter should be considered a final decision because of the way the parties treated it and that, based on Davis' actions before and after receiving the denial letter, it waived its right to rely on the "magic words" of the contract. In order to prove that there was a waiver of these recitals by Davis, Navy League will need to present evidence regarding the actions of Davis and prove that its actions rose to the level of waiver. Navy League has not yet been given the opportunity to conduct discovery surrounding Davis' actions. Whether Davis believed the denial letter was a "final decision" and whether Davis' actions constituted a waiver are material facts in dispute. Given that there are material facts in dispute, this is not an appropriate case for summary judgment.

The Court is not making a determination as to whether Navy League is correct in arguing that Davis waived the terms of the arbitration clause. This is the ultimate dispute in the case that was to be resolved at trial. The Court only finds that summary judgment was too early a stage in the case for a dismissal.

With regard to the other factors, the Court finds that they also weigh in favor of granting a stay pending appeal. Navy League argues that it will

be irreparably harmed if forced to arbitrate. The purpose of this case is Navy League's desire to avoid arbitration. If the parties must proceed with the time and expense of arbitration in any event, Navy League's appeal would be moot.

Davis alleges certain harm as a result of a stay, but fails to allege any specific prejudice it will suffer. Davis states that the purpose of negotiating an arbitration clause is to provide the parties with a "quick and ready forum" in which to resolve any dispute. The Court is not denying Davis' demand for arbitration. This case could still proceed to arbitration if the Supreme Court denies Navy League's appeal or if the trial court finds that there was no waiver by Davis. In addition, the potential harm to Navy League outweighs any prejudice Davis might suffer as a result of arbitration being delayed.

Finally, public policy favors arbitration. This public policy was a determining factor in Judge Ney's decision to stay the trial in the *Berger* case. The court recognized that arbitration is favored and chose to allow the Supreme Court to decide whether arbitration was appropriate in that case. In this case, Navy League seeks to stay arbitration, not to stay a trial in favor of arbitration. Presumably, public policy would weigh in favor of denying the stay. However, as stated previously, the Court is not denying arbitration, but staying it. The case may still be resolved by arbitration and the public policy favoring arbitration may still be served.

Upon weighing the four factors to be considered in staying arbitration, it is the opinion of the Court that arbitration should be stayed in this case pending appeal.

For these reasons, it is hereby ordered that arbitration of these matters is hereby stayed.