## CIRCUIT COURT OF FAIRFAX COUNTY

Linda S. Klundt

    v.

Deborah L. Klundt

March 6, 2009

Case No. (Law) 2008-9504

By Judge R. Terrence Ney

This matter came before the Court on January 23, 2009, upon Plaintiff's Motion for Summary Judgment. After argument, the Court took the matter under advisement.

*Facts*

This motion stems from Plaintiff Linda S. Klundt's ("Daughter") Complaint requesting that the Court admit the writing ("the Writing") made on February 12, 2002, as the Last Will and Testament of her mother, Shirley J. Klundt ("Decedent"), who died on May 7, 2008. The Writing consists of a typewritten form with blanks for information required for the will. Daughter contends that the second article of the form is a holographic will. The section reads as follows:

> I give all monies that I may have to my daughter Linda S. Klundt also with all my properties & personal properties. And whatever properties or money that may come to me in any & every form. My real estate property at 7206 Hickory Street, Falls Church, Virginia 22043, deed to real estate property is recorded

in deed book in Fairfax County, Virginia. I leeve [sic] my entire estate to Linda Klundt to do so with as she desires, not to broken by any other person, these are my last wishes. /s/ Shirley Jannett Klundt.

Daughter is the Administrator of the Estate of Decedent. When appointed, she believed that her mother had died intestate, but later found the Writing in one of her mother's handbags.

Defendant Deborah L. Klundt is also an adult daughter, sister of Linda Klundt. She contests the writing as a will because it was not witnessed or signed by a notary, blanks for which appear on the printed form. Decedent's adult son, Thomas A. Klundt ("Mr. Klundt") was initially a party to the action, but was dismissed without prejudice on February 13, 2009. At a hearing on the Motion for Summary Judgment on February 13, 2009, both Mr. Klundt and Deborah Klundt testified under oath that the Writing was in the handwriting of Decedent.

*Analysis*

Summary judgment shall not be entered if any material fact is genuinely in dispute. Va. Sup. Ct. R. 3:20. The Supreme Court of Virginia has indicated repeatedly that summary judgment is considered a drastic remedy and is strongly disfavored. *Smith v. Smith*, 254 Va. 99, 103, 487 S.E.2d 212, 215 (1997). Accordingly, a trial court considering a motion for summary judgment must "accept as true 'those inferences from the facts that are most favorable to the nonmoving party, unless the inferences are forced, strained, or contrary to reason'." *Klaiber v. Freemason Assocs.*, 266 Va. 478, 484, 587 S.E.2d 555, 558 (2003).

The requirements for a holographic will are set forth in Virginia Code § 64.1-49 as follows, "if the will be wholly in the handwriting of the testator, that fact shall be proved by at least two disinterested witnesses." Va. Code § 64.1-49. The Supreme Court of Virginia has explained that "these statutory requirements are not intended to limit the power of the testator, but to protect the testator's exercise of that power." *Berry v. Trible*, 271 Va. 289, 297, 626 S.E.2d 440, 444 (2006). First, it must be determined whether the writing is "wholly in the handwriting of the testator" and then whether that fact was attested to by two disinterested witnesses.

The first issue is complicated by whether writing on a typewritten form can be deemed *wholly* in the handwriting of the testator. The Supreme Court of Virginia has addressed this question and indicated that the General

Assembly did not intend the word "wholly" to apply in an absolute sense. *Bell v. Timmins*, 190 Va. 648, 654, 58 S.E.2d 55, 58 (1950). Further, the Supreme Court of Virginia held in *Moon v. Norvell* that "the presence of typewritten material on paper used to draft a holographic instrument does not destroy the effect of the holographic instrument as a will, provided that the typewritten material *is not part* of the handwritten instrument and is not referenced directly or indirectly in the handwritten instrument." (Italics added.) *Berry*, 271 Va. at 299, 626 S.E.2d at 445 (citing *Moon v. Norvell*, 184 Va. 842, 850-51, 36 S.E.2d 632, 633-34 (1946)).

Here, the handwritten portion is on lines contained within the typewritten form, yet nothing typewritten is included in the relevant paragraph. Further, the typewritten portion is not referenced directly or indirectly by the handwritten paragraph.

A will on a printed form has been previously upheld by the Supreme Court of Virginia, as long as the handwritten language of the will "was self-contained and could be understood without reference to the typewritten text." *Id.* at 299-300, 626 S.E.2d at 445 (citing *Gooch v. Gooch*, 134 Va. 21, 29, 113 S.E. 873, 876 (1922)). Similar to the typewritten will form upheld in *Gooch*, the present Writing is on a typewritten form, is similarly self-contained, and can be completely understood without reference to the typewritten text.

A will must express the testator's intent, but that intent does not have to be expressed in formal language. *Id.* at 298, 626 S.E.2d at 444. The language used by Decedent, most namely, "I leeve my entire estate to Linda Klundt to do so with as she desires, not to be broken by any other person, these are my last wishes," clearly expresses Decedent's intent to leave all of her property to Daughter Linda. As it is not for the Court to interfere with testatory intent, the requested portion of the Writing shall be admitted if it meets the second statutory requirement of being in the handwriting of Decedent, which must be attested to by two disinterested witnesses.

Although a disinterested witness is not defined in the Virginia Code, the two witnesses presented here were plainly sufficiently disinterested to satisfy the statutory requirement. Both Mr. Klundt and Deborah Klundt testified under oath that the Writing was wholly in the Deceased's handwriting. Mr. Klundt is a disinterested witness because he testified that he has no claim and, therefore, has no direct stake in the matter. Although Deborah Klundt does have a stake in the matter as a potential heir, she is the adverse party. It is difficult to imagine anyone more "disinterested." She is acting contrary to her own interest in the case by testifying that the Writing is wholly in her mother's handwriting.

Because the typewritten portion of the Writing does not interfere or even interact with the handwriting requirement and two plainly disinterested witnesses testified under oath that the Writing was wholly in the handwriting of the Decedent, the requested portion of the Writing is admitted as a will. There is no genuine issue of material fact. Both parties agree that the relevant portion of the Writing is wholly in the handwriting of the testator.

Accordingly, Plaintiff's Motion for Summary Judgment is granted, and the Writing shall be admitted to probate as a will.