# CIRCUIT COURT OF FAIRFAX COUNTY

FriendCo Restaurants, Inc.

v.

Robert O. Beckner et al.

March 14, 2013

Case No. CL-2012-3598

By Judge R. Terrence Ney

This matter came before the Court on March 1, 2013, upon the Defendants', Robert O. Beckner, et al.'s, Motion for Summary Judgment. After oral arguments, the Court took the case under advisement. The following embodies the Court's ruling.

### Facts

The parties stipulate that there are no material facts in dispute.

This case arises from a dispute between a tenant and landlord over a provision in the parties' 1975 lease which gives the tenant a Right of First Refusal in certain situations.

William and Beatrice Beckner owned certain property in Oakton, Fairfax County, Virginia (the "Property"). In 1975, they leased it to Friendly Ice Cream Corporation ("Friendly's") for an initial term of fifteen years with five options to extend for five year terms ("the Lease"). In 2004, Friendly's, after extending the Lease, assigned its right to Plaintiff, FriendCo Restaurants ("FriendCo").

When Beatrice, the then sole owner of the Property, died in 2007, her Will devised the Property to the Beatrice Beckner Living Trust (the "Trust"), which had one beneficiary and trustee, her son Robert O. Beckner ("Robert"). In 2008, Robert, in winding up the estate, executed a Deed to retitle the Property from the Trust's name, of which he is the sole beneficiary, to his name, individually.

FriendCo now claims that such action violated its Right of First Refusal and has filed a four-count Complaint against Defendants Robert and the Trust for I: Declaratory Judgment, II: Breach of Contract, III: Specific Performance, and IV: Tortious Interference with a Contract.

*Analysis*

*Standard of Review*

Rule 3:20 of the Rules of the Supreme Court of Virginia states:

> Any party may make a motion for summary judgment at any time after the parties are at issue. . . . If it appears from the pleadings, the orders, if any, made at a pretrial conference, the admissions, if any, in the proceedings, or, upon sustaining a motion to strike the evidence, that the moving party is entitled to judgment, the court shall enter judgment in that party's favor. Summary judgment, interlocutory in nature, may be entered as to the undisputed portion of a contested claim or on the issue of liability alone although there is a genuine issue as to the amount of damages. Summary judgment shall not be entered if any material fact is genuinely in dispute.

Va. Sup. Ct. R. 3:20.

"In considering a motion for summary judgment, a court must adopt those inferences from the facts that are most favorable to the nonmoving party, unless the inferences are forced, strained, or contrary to reason." *Dickerson v. Fatehi*, 253 Va. 324, 327, 484 S.E.2d 880, 882 (1997).

> While the summary judgment rules . . . are not intended to substitute a new method for trial when an issue of fact exists, these rules "were adopted to allow trial courts to bring litigation to an end at an early stage when it clearly appeared that one of the parties was entitled to a judgment in the case as made out by the pleadings and the admissions of the parties."

*Carson v. LeBlanc*, 245 Va. 135, 140, 427 S.E.2d 189, 192 (1993) (quoting *Kasco Mills, Inc. v. Ferebee*, 197 Va. 589, 593, 90 S.E.2d 866, 870 (1956)).

Nevertheless, the Supreme Court of Virginia has indicated repeatedly that summary judgment is considered a drastic remedy and is strongly disfavored. *Smith v. Smith*, 254 Va. 99, 103, 487 S.E.2d 212, 215 (1997).

*The Right of First Refusal*

The issue presented is whether the Right of First Refusal was triggered when Robert transferred, by deed, the Property from the Trust to himself.

The Right of First Refusal states, in pertinent part:

> Landlord agrees that, throughout the term of the lease, as it may be extended, it shall not sell, offer to sell, accept any offer to buy or convey (voluntarily or otherwise) all or any portion of the Leased Premises unless and until Landlord shall have first offered Tenant the opportunity to purchase the [Property by] . . . giving notice to Tenant . . . whereupon Tenant shall have thirty days after actual receipt of such notice to elect to purchase said property upon the identical terms and conditions set forth in said notice.

Defendants argue that the transfer of the Property from the Trust to Robert is a transaction incidental to an inheritance and, therefore, not a conveyance which would trigger the Right of First Refusal. FriendCo argues that the plain language of the Lease states that any conveyance will trigger the Right of First Refusal and this includes a conveyance by deed from a trust to a beneficiary.

The Right of First Refusal provision in the Lease specifically states: "Landlord agrees that . . . it shall not sell, offer to sell, accept any offer to buy or convey . . . unless and until Landlord shall have first offered Tenant the opportunity to purchase the [Property]. . . ."

By this provision, the operative language in the Right of First Refusal in the Lease Agreement is triggered in three instances, when the Landlord (1) sells, (2) offers to sell, or (3) accepts any offer to buy or convey the Property. In any such event, the Landlord shall first give the Tenant by written notice the opportunity to purchase the Property upon the identical terms and conditions as set forth in the notice. Among other things, the notice provision makes the price of the intended sale known to the Tenant in order that it might evaluate whether it wishes to purchase the Property.

*Black's Law Dictionary* defines a conveyance as a transfer of something from one to another, especially by deed. Even so, the Right of First Refusal is not triggered here because the Landlord never received an offer from anyone to buy or convey the Property. The "conveyance," by the very words in the provision, is coupled with "any offer to buy or convey." It is not a stand-alone conveyance. Were it so, there would be no necessity for a notice.

Here, there was never an offer to buy or convey the Property. There were "no identical terms and conditions" of a proposed sale. The conveyance of the Property was by an heir of the Landlord, the Trust, to an heir of the Landlord, Robert. The conveyance was for no consideration. In short, this conveyance was not the sort of conveyance as set out in the Lease. There was no offer to buy, there were no terms or conditions, and there was no notice.

Additionally, the words "identical terms and conditions" must have a meaning, namely, the price to be paid and the terms of its payment. Again, here, there is no price. There are no conditions. Were the Right of First Refusal to be enforced, then its holder, FriendCo, would get the Property for the same consideration as that paid by Robert to the Trust for the Property, namely nothing. That makes no sense whatsoever.

## Conclusion

For these reasons, the Defendants' Motion for Summary Judgment is granted. As the grant of this Motion on the ground that the conveyance from the Trust to Robert does not trigger the Right of First Refusal is determinative of the merits of this case, there is no need for the Court to address the remaining reasons put forth in support of the Motion.