## TRISHA QUEEN CARSON, BY HER MOTHER AND NEXT FRIEND, PATRICIA C. MEREDITH

v.

## LINDA V. LeBLANC

Record No. 920696

February 26, 1993

Present: All the Justices

*Thomas L. Phillips, Jr. (Phillips, Phillips, Phillips & Morrison,* on brief), for appellant.

*Henry M. Sackett, III (James O. Watts, IV; Edmunds & Williams,* on brief), for appellee.

JUSTICE COMPTON delivered the opinion of the Court.

In this negligence action arising from injuries received by a minor pedestrian who ran into the side of a moving automobile, the sole question presented is whether the trial court erred in holding that the plaintiff was guilty of contributory negligence as a matter of law.

The appellate record is presented in an unusual procedural posture. There has been no trial; the trial court granted defendant's motion for summary judgment at the pleading stage of the case. The facts upon which the trial court relied were developed from the plaintiff's responses to the defendant's requests for admissions. Many of the requests for admissions were based, in part, upon discovery depositions taken of eyewitnesses to the accident; the requests specifically referred to deposition testimony and posed requests employing that testimony. The following is typical of that technique. Request: ''That the witness, Sherri Hall, has testified in her deposition that she looked to her right from the point at which she was stopped approximately on the double solid yellow line and saw more than one vehicle approaching in the right hand westbound lane.'' Response: ''Admitted.''

Code § 8.01-420 provides: ''No motion for summary judgment or to strike the evidence shall be sustained when based in whole or in part upon any discovery depositions under Rule 4:5, unless all parties to the suit or action shall agree that such deposition may be so used.'' *Accord* Rule 3:18; Rule 4:7(e). In our discovery rules, we have cautioned that discovery ordinarily should not supplant the taking of evidence at a trial; this is especially true in automobile accident cases. Rule 4:0(b) provides, as pertinent: ''No provision of any of the Rules in this Part Four shall affect the practice of taking evidence at trial in any action; but such practice, including that of generally taking evidence ore tenus in actions at law . . . shall continue unaffected hereby.''

In the present case, the plaintiff did not object to the use of the discovery depositions as a basis for the trial court's action on the motion for summary judgment nor is there an assignment of error challenging this prohibited procedural tactic. Accordingly, we have no alternative but to address the substantive issue on appeal, based on the facts as disclosed by the record that we have been furnished.

These facts are virtually uncontradicted. The accident in question occurred on Thursday, October 8, 1987 at 3:20 p.m. on Langhorne Road in the City of Lynchburg. The day was clear and the street was dry. At the scene, Langhorne Road is a two-way, four-lane, east-west street. There are two eastbound and two westbound lanes separated by a double solid yellow line. The eastbound and westbound lanes each are divided by single white broken lines. The record is silent on the speed limit at the scene.

The plaintiff, Trisha Queen Carson, age 15, was crossing Langhorne Road from the south to the north side with two companions, travelling on foot from a nearby school to a convenience store. The trio was crossing at a point approximately 240 feet west of the intersection of Langhorne Road with Tate Springs Road. The plaintiff was not crossing at an intersection, in a marked pedestrian crosswalk, at a traffic light, or in the lateral prolongation of sidewalk lines.

The plaintiff and her companions crossed the two eastbound lanes of Langhorne Road and stopped approximately on the double solid yellow line. They were standing side by side with Sherri Hall to the east, Karla Jennings in the middle, and the plaintiff on the west side. A westbound vehicle, the driver of which was sued as "Jane Doe," stopped in the left hand westbound lane approximately 10 feet from where the plaintiff was standing. The Doe vehicle did not obstruct the plaintiff's view of westbound traffic in either of the westbound lanes.

The plaintiff recalls starting to cross the left hand westbound lane of Langhorne Road in front of the Doe vehicle, but does not recall completing her crossing of that lane or her collision with the vehicle operated by defendant Linda F. LeBlanc. That vehicle was being driven in a westerly direction in the right hand westbound lane at a speed not revealed by the record.

As the plaintiff started across the left hand westbound lane, she looked to her right and saw no traffic approaching in the right hand westbound lane. When she looked to her right, she saw two vehicles stopped behind the Doe vehicle in the left hand westbound lane and one or two other vehicles travelling westbound in the left hand westbound lane at a distance from her that is not revealed by the record.

Because of a head injury sustained in the accident, the plaintiff has no memory whether she saw the defendant LeBlanc's vehicle or any westbound vehicle in the right hand westbound lane before the

accident occurred. LeBlanc's vehicle, a 1984 Oldsmobile, had been travelling continuously in the right hand westbound lane for 300 feet leading up to the point where the accident occurred.

The plaintiff's companions testified on deposition that they each looked to the right from where they were standing on the double solid yellow line and saw more than one vehicle approaching in the right hand westbound lane; they decided to stay where they were and not to attempt to cross further. Jennings testified in her deposition that one of the vehicles she saw approaching in the right hand westbound lane was the vehicle that struck the plaintiff.

The plaintiff admitted that she "has no evidence to contradict the testimony of other witnesses that she attempted to run across the right hand westbound lane" just before the accident happened. The point of initial impact between the plaintiff's body and the defendant LeBlanc's vehicle was on the left front fender of the vehicle; no portion of the front of the vehicle struck the plaintiff.

Apparently, there were at least three other witnesses to the accident; they were in vehicles being driven in a westerly direction in the right hand westbound lane at the time the plaintiff attempted to cross that lane. The plaintiff admitted that she had "no reason to believe" that the testimony of all five eyewitnesses at the trial of the case "will be substantially different from that contained" in their respective discovery depositions. She also admitted that her testimony at trial relating to the issue of liability "will be substantially the same as that contained" in her discovery deposition.

The plaintiff sued Doe and LeBlanc seeking recovery in damages for her personal injuries. Following discovery, the trial court granted not only LeBlanc's motion for summary judgment but also a similar motion filed on behalf of Doe, ruling that the plaintiff was guilty of contributory negligence as a matter of law. In a letter opinion, the trial court stated: "The plaintiff has no evidence with which to contradict the deposition testimony upon which the request[s] for admissions are based. Under these circumstances summary judgment in favor of LeBlanc seems appropriate."

The plaintiff appealed the February 1992 judgment order dismissing the action as to LeBlanc; no appeal was taken from the judgment in favor of Doe.

A trial court may enter summary judgment only if no material fact is genuinely in dispute. Rule 3:18. A court in considering such a motion must adopt those inferences from the facts that are most favorable to the nonmoving party, "unless the inferences are

strained, forced, or contrary to reason." *Bloodworth* v. *Ellis*, 221 Va. 18, 23, 267 S.E.2d 96, 99 (1980). While the summary judgment rules and the discovery rules are not intended to substitute a new method for trial when an issue of fact exists, these rules "were adopted to allow trial courts to bring litigation to an end at an early stage when it clearly appeared that one of the parties was entitled to a judgment in the case as made out by the pleadings and the admissions of the parties." *Kasco Mills, Inc.* v. *Ferebee*, 197 Va. 589, 593, 90 S.E.2d 866, 870 (1956). This is such a case.

A pedestrian who runs into a moving vehicle that is readily observable generally is guilty of negligence *per se*. *Hooker* v. *Hancock*, 188 Va. 345, 355, 49 S.E.2d 711, 715 (1948). A pedestrian who undertakes to cross a busy, two-way city street between intersections, and who has proceeded to the center of the street, is under a legal duty to look with reasonable care to her right for approaching vehicles travelling in the lanes that she intends to cross. Such reasonable care requires increased vigilance of the pedestrian. *Hopson* v. *Goolsby*, 196 Va. 832, 838, 86 S.E.2d 149, 152-53 (1955).

When a pedestrian looks for approaching vehicles as she is crossing a street, she is presumed to have seen what she should have seen had her observance been careful and attentive. She cannot justify her conduct by saying that she looked and did not see the approaching vehicle that injured her when, if she had looked, she must have seen the vehicle. Unless there is some circumstance or condition to excuse her, the failure to see the vehicle constitutes negligence as a matter of law. *Hooker*, 188 Va. at 355, 49 S.E.2d at 715.

And, a child who reaches the age of 14 is presumed to have sufficient capacity to be capable of and chargeable with contributory negligence. The standard of care required of such a person is to exercise "that degree of care expected of a child of like age, intelligence and experience under the same or similar circumstances." *Grant* v. *Mays*, 204 Va. 41, 45, 129 S.E.2d 10, 13 (1963).

The plaintiff argues that the trial court erred in concluding as a matter of law that she was guilty of contributory negligence. She contends that reasonable persons could determine that the facts support the inference "that Trisha failed to see the LeBlanc vehicle in spite of looking due to some cause other than her own failure to exercise reasonable care, such as the obstruction of her vision by her two companions and the vehicles stopped between her position and the approaching LeBlanc vehicle." The plaintiff relies on her

response to the following request for admission: ''That there was nothing to have prevented the plaintiff from making the same observation of traffic approaching in the right hand westbound lane of Langhorne Road that was made'' by her companions. She denied the request, responding that her ''angle of view was different, and her view was blocked by'' her companions.

We reject the plaintiff's argument. Such inferences from the admitted facts are, in the language of *Bloodworth*, strained, forced and contrary to reason.

■ When the plaintiff was standing near the double solid yellow line, she admitted that the Doe vehicle, stopped 10 feet to the east, did not obstruct her view of the right hand westbound lane. If we draw the legitimate inference from the facts that, at such point and moment of time, her companions blocked her view to the right in both westbound lanes, nonetheless her vision became wholly unobstructed as she moved from that position to cross in front of the Doe vehicle into the lane in which LeBlanc was travelling. This is because her companions, who had been blocking her view to the east, remained at the double solid yellow line and were no longer beside her. Then, as she began to run across the left hand westbound lane into the right hand westbound lane, her view to the right became more and more unobstructed and was, or should have been, clear as she was entering the lane in which she collided with the LeBlanc vehicle.

The plaintiff, who was a 10th grade student at Lynchburg Christian Academy, either failed to look as she entered the right hand westbound lane, or if she looked, she failed to see the LeBlanc vehicle, which obviously was there to be seen by a 15-year-old exercising reasonable care. Thus, she was guilty of contributory negligence as a matter of law.

■ The plaintiff relies on our recent decision in *Cofield* v. *Nuckles*, 239 Va. 186, 387 S.E.2d 493 (1990), and says that this case is ''indistinguishable'' from *Cofield*. We do not agree.

In *Cofield*, a pedestrian was struck under similar circumstances when he crossed between intersections on a city street in heavy traffic. There, the plaintiff crossed three lanes of traffic and was struck in the fourth lane as he walked in front of a vehicle stopped in the third lane. This Court held that the question of the plaintiff's contributory negligence was a jury question.

In that case, however, the plaintiff's view to his right was blocked by the stopped vehicle; here, the plaintiff's view to her right was not

blocked by the Doe vehicle as she proceeded across the westbound lanes. In *Cofield*, there was no evidence that the plaintiff could have seen the oncoming vehicle before he reached the edge of the lane in which he was struck; here, the plaintiff's two companions saw traffic approaching in the right hand westbound lane and one companion actually saw LeBlanc's vehicle.

Accordingly, we hold that the trial court did not err in sustaining LeBlanc's motion for summary judgment, and that judgment will be

*Affirmed.*