## CIRCUIT COURT OF THE CITY OF WINCHESTER

Sandra K. Hirschberg et al.

v.

G. W. Motors, Inc.

May 5, 1994

Case No. (Law) 93-205

BY JUDGE JOHN E. WETSEL, JR.

This case came before the Court on the defendant's Motion for Summary Judgment, upon which issue the parties have filed Memoranda of Authority which have been considered by the Court. Since the filing of the motions, the plaintiffs have nonsuited all counts in their Motion for Judgment except for Count III, which is the common law fraud count. Upon consideration whereof, the Court has made the following decision to deny the Defendant's Motion for Summary Judgment.

### I. *Statement of Material Facts*

It appears from the memoranda and pleadings of the parties that there is no dispute about the following material facts.

On or about September 19, 1991, the plaintiff purchased a Nissan Pathfinder from G. W. Motors. At the time of the purchase the plaintiffs were told that the Pathfinder had been driven by one of the owners of G. W. Motors.

At the time of sale, the odometer on the Pathfinder showed 10,451 miles and the plaintiffs purchased the vehicle for $25,812.85.

Prior to the plaintiffs' purchase of the Pathfinder, G. W. Motors had repaired and painted certain areas of the vehicle as a result of vandalism which it had sustained, and the cost of these repairs were $534.90.

The plaintiffs claim that they did not learn that the Pathfinder had been repaired and repainted until they traded it in 1993, and they claim that they

received $2,000 less in trade-in value than they would have otherwise received had the vehicle had the original factory paint.

While the vehicle was not either legally or actually new when the plaintiffs purchased it, the plaintiffs claim that they were given a checklist which referred to the car as a "new car," and given a "new car" loan on the vehicle.

The plaintiff further claims that she had told the defendants that she wanted to purchase a "new car."

## II. *Conclusions of Law*

Summary Judgment is appropriate if there is no material fact genuinely in dispute. Supreme Court Rule 3:18; *Carson v. LeBlanc*, 245 Va. 135, 139, 427 S.E.2d 189 (1993). In *Metro Machine Corp. v. Mizenko*, 244 Va. 78, 83, 419 S.E.2d 632 (1992) (citing *Gaudet v. Exxon Corp.*, 562 F.2d 351, 355 (5th Cir. 1977), *cert. denied*, 436 U.S. 913 (1978)), the Supreme Court analyzed the character of the genuine issue of fact criterion governing the Court's disposition of a motion for summary judgment and stated:

> [T]he issue of fact must be "genuine." When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . . In the language of the Rule, the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial."

As the Supreme Court observed in *Virginia and Maryland R.R. Co. v. White*, 228 Va. 140, 145, 319 S.E.2d 755 (1984) (quoting *Bly v. Southern Ry. Co.*, 183 Va. 162, 175, 31 S.E.2d 564 (1944)):

> It is the jury, not the court, which is the fact-finding body. It weighs the contradictory evidence and inferences, judges the credibility of witnesses, receives expert instructions, and draws the ultimate conclusion as to the facts. *The very essence of its function is to select from among conflicting inferences* and conclusions that which it considers most reasonable . . . . That conclusion, whether it relates to negligence, causation or any other factual matter, cannot be ignored. Courts are not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclu-

sions or because judges feel that other results are more reasonable. [Emphasis added.]

The Supreme Court of Virginia frowns on the short-circuiting of litigation where there are genuine issues of fact in dispute or conflicting inferences which may be drawn from uncontested facts. *See Renner v. Stafford*, 245 Va. 351, 429 S.E.2d 351 (1993), and *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 431 S.E.2d 277 (1993) (ruling on demurrer). Reasonable men could differ on the inferences to be drawn from the evidence in this case.

The car in question was not a new motor vehicle as that term is legally defined. *See* Virginia Code § 46.2-1500(12). Nor was it a new vehicle as is commonly understood by ordinary people in the market purchasing automobiles. The materiality of any representations of the character that the vehicle was "like new" will have to be assessed in view of the damage which the vehicle sustained which remains to be proven.

In 37 Am. Jur. 2d, *Fraud and Deceit*, § 42, it is stated:

> Representations may be made orally, or by writing, or by acts in conduct and arts or artifices calculated to deceive. In order to found a charge of fraud, it is not essential that a misrepresentation be directly made; if a false impression is made by words or acts in order to mislead and has such affect, it may be sufficient
>
> . . . .
>
> A recital of fact in a written memorandum of a contract is regarded to be in the nature of a representation thus, it has been held that the description of property sold as in good order and condition is equivalent to a representation that it is in such condition.

Under such principles, it may be a factual issue as to whether or not representations were made that the vehicle was in a like new condition and whether the Plaintiff reasonably relied upon those representations.

The duty of a party to reveal material facts of which he has knowledge depends upon the circumstances of each case and the relationship between the parties. In 37 Am. Jur. 2d, *Fraud and Deceit*, § 146, it is stated:

> The principle is basic in the law of fraud, as it relates to nondisclosure, that a charge of fraud is maintainable where a party who knows material facts is under a duty, under the circumstances, to speak and disclose his information, but remains silent. Situations

evoking the duty of disclosure may arise in various ways in different cases. Generally speaking, however, in the conduct of various transactions between persons involving business dealings, commercial negotiations, or other relationships relating to property, contracts, and miscellaneous rights, there are times and occasions when the law imposes upon a party a duty to speak rather than to remain silent in respect of certain facts within his knowledge, and thus to disclose information, in order that the party with whom he is dealing may be placed on an equal footing with him. In such a case a failure to speak amounts to a suppression of a fact which should have been disclosed, and is a fraud. In such circumstances, a failure to state a fact is actually equivalent to a fraudulent concealment and amounts to fraud just as much as an affirmative falsehood . . . .

Among other ways, the obligation to communicate facts may arise from the fact that one of the parties has superior knowledge or means of knowledge; from the fact that confidential relations exist between them; from the fact that a party does something or says something which, for want of the disclosure, is false and deceptive; from the fact that he is placed or places himself in a position where his silence will convey a false impression; or from the fact that a statement or representation has been made in the bona fide belief that it is true, and before it is acted on, the party who has made it discovers that it is untrue.

Also pertinent to this case is 37 Am. Jur. 2d, *Fraud and Deceit*, § 148, where it is stated:

There is abundant authority to the effect that if one party to a contract or transaction has superior knowledge, or knowledge which is not within the fair and reasonable reach of the other party and which he could not discover by the exercise of reasonable diligence, or means of knowledge which are not open to both parties alike, he is under a legal obligation to speak, and his silence constitutes fraud, especially when the other party relies upon him to communicate to him the true state of facts to enable him to judge of the expediency of the bargain or transaction.

Of like effect is Restatement (Second) of Contracts, § 161:

> A person's non-disclosure of a fact known to him is equivalent to an assertion that the fact does not exist in the following cases only:
>
> (a) where he knows that disclosure of the fact is necessary to prevent some previous assertion from being a misrepresentation or from being fraudulent or material.
>
> (b) where he knows that disclosure of the fact would correct a mistake of the other party as to a basic assumption on which that party is making the contract and if non-disclosure of the fact amounts to a failure to act in good faith and in accordance with reasonable standards of fair dealing.
>
> (c) where he knows that disclosure of the fact would correct a mistake of the other party as to the contents or effect of a writing, evidencing or embodying an agreement in whole or in part.
>
> (d) where the other person is entitled to know the fact because of a relation of trust and confidence between them.

In this case the jury may find that the Plaintiff believed that the vehicle was in a like new condition except for its mileage and that the automobile dealer had superior knowledge about the prior damage or was required to speak to correct Plaintiff's mistaken belief about the vehicle's condition, in which case a duty to disclose the information concerning the repainting may have been triggered.

The Supreme Court recently considered the question of fraud based on nondisclosure of material facts in *Van Deusen v. Snead*, 247 Va. 324 (1994):

> In *Spence v. Griffin*, 236 Va. 21, 28, 372 S.E.2d 595, 598-599 (1988), we explained:
>
> In support of the commissioner's finding, the Spences [grantees in a deed of gift] argue that the evidence fails to prove that they made any false representation that induced Mrs. Griffin [the grantor] to execute the deed of gift. They seem to assume that the only type of misrepresentation contemplated by the definition of actual fraud is an intentional, express verbalization of a falsehood. Concerning an allegation of actual fraud, we have said that "concealment of a material fact by one who knows that the other party is acting upon the assumption that the fact does not exist constitutes actionable fraud." *Allen Realty Corp. v.*

*Holbert*, 227 Va. 441, 450, 318 S.E.2d 592, 597 (1984) (citation omitted).

For purposes of an action for fraud, concealment, whether accomplished by word or conduct, may be the equivalent of a false representation, because concealment always involves deliberate nondisclosure designed to prevent another from learning the truth. A contracting party's willful nondisclosure of a material fact that he knows is unknown to the other party may evince an intent to practice actual fraud. [Citations omitted.]

Our decisions in *Spence* and in *Allen Realty Corp.* reaffirm the principle expounded earlier in *Clay v. Butler*, 132 Va. 464, 474, 112 S.E. 697, 700 (1922):

"If a party conceals a fact that is material to the transaction, knowing that the other party is acting on the assumption that no such fact exists, the concealment is as much a fraud as if the existence of the fact were expressly denied, or the reverse of it expressly stated."

The extent to which the vehicle was repainted is a factual issue which remains to be determined. Unless reasonable minds could not differ, whether the repair and repainting were material facts requiring disclosure are issues for the jury.

The species of fraud are numberless, and like a chameleon, fraud is always colored by the context from which it arises. For that reason, it is usually for the jury to determine from the facts of a specific case, whether a fraud was committed. "Fraud is seldom, if ever, provable by direct testimony, but usually must be shown by circumstances which are sufficient to convince fair-minded men that they would not have occurred without the existence of a fraudulent purpose and design. Fraud is a mixed question of law and fact but, in most cases, is a jury question." *French v. Beville*, 191 Va. 842, 856, 62 S.E.2d 883 (1951).

### III. *Decision*

For the foregoing reasons it is adjudged and ordered that the Defendant's Motion for Summary Judgment is denied.