## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

David Lindsay

    v.

Sang Hon Yi

May 15, 1998

Case No. CL96-331

BY JUDGE WILLIAM H. LEDBETTER, JR.

In this personal injury case, the defendant moves for summary judgment based on the plaintiff's responses to requests for admission. For the reasons that follow, the motion, argued on May 4, 1998, will be denied.

### *Background*

This action results from a multiple-vehicle accident on I-66 in which the plaintiff, Lindsay, was injured when his car struck the rear of a vehicle operated by the defendant, Yi. In his motion for judgment, Lindsay alleges that Yi entered his lane of travel in a negligent manner, thereby causing the collision.

During discovery, Yi submitted requests for admissions. In response, Lindsay admitted various facts which Yi says establish Lindsay's contributory negligence as a matter of law.

Lindsay admitted that immediately prior to the accident, he was traveling in the left-hand travel lane at about 40 mph. He was approximately 40 to 45 feet behind a vehicle driven by Aits, who was traveling at about 45 mph. Yi was in the right-hand travel lane. Lindsay noted activity in his rearview mirror and looked in the mirror to observe a vehicle driven by Kentes changing from the right lane to the left lane behind him. Lindsay heard squealing tires ahead of him. He looked forward to see that Aits had stopped and that Yi had moved from the right lane to the left lane in front of Lindsay and had struck Aits' vehicle in the rear. Lindsay applied his brakes but collided with Yi. Lindsay

admits that he never observed Yi's lane change and never saw brake lights on either Aits' or Yi's vehicle.

## Decision

Summary judgment is available at any time after the parties are at issue if there are no material facts genuinely in dispute and the movant otherwise is entitled to judgment. Rule 3:18. The rule gives trial courts authority to bring litigation to an end at an early stage when it clearly appears that one of the parties is entitled to judgment within the framework of the case as made out and no evidence at trial could affect the result. *Carwile v. Richmond Newspaper*, 196 Va. 1 (1954). Summary judgment is a drastic remedy. In considering a motion for summary judgment, the court must adopt those inferences from the facts that are most favorable to the nonmoving party unless the inferences are forced, strained, or contrary to reason. *Carson v. LeBlanc*, 245 Va. 135 (1993); *Dickerson v. Fatechi*, 253 Va. 324 (1997). Also see Bryson, *Virginia Civil Procedure* (3rd ed. 1997) pp. 268-269.

Here, Lindsay has admitted a number of material facts that tend to show that at the time of the accident he may have been following the Aits vehicle too closely, and he may have been inattentive to things occurring in front of his moving vehicle while his attention was diverted to his rear.

However, the court has before it no facts, disputed or otherwise, about the "activity" that caused Lindsay to look in his rearview mirror. Thus, whether that conduct (and his consequent inattention to the traffic ahead) was negligent remains to be seen.

Further, by admitting that his distance behind the Aits' vehicle was only 40 to 45 feet, Lindsay does not admit that that fact was a proximate cause of the accident. From his pleading and other responses to the requests for admission, Lindsay obviously contends that Yi abruptly changed lanes in front of him at a time when his attention was reasonably diverted and that Yi's collision with Aits' vehicle set off a chain-reaction collision that was not causally related to any malfeasance on Lindsay's part.

Because these inferences are not forced, strained, or unreasonable, the court must adopt them in considering the motion.

Accordingly, the motion will be denied.