# CIRCUIT COURT OF THE CITY OF FREDERICKSBURG

Melanie Jean Myers

v.

Nadene S. Brunk

### March 6, 2000

### Case No. CL99-167

BY JUDGE JOHN W. SCOTT, JR.

This matter comes before the Court on plaintiff's Motion to Compel the Defendant to Respond to Requests for Admissions, which were served on December 29, 1999. The defendant has objected in writing to each of the twenty-two requests for admissions for two reasons: that each of the requests for admissions is the result of deposition testimony, which cannot be used in support of an ultimate motion for summary judgment, and that each of the requests for admissions is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

It is well established in Virginia that deposition testimony cannot be used to support a motion for summary judgment. See *Carson v. LeBlanc*, 245 Va. 135 (1993).

The Court has reviewed each of the requests for admissions and rules as follows:

Defendant's objections to requests for admissions Nos. 1 through 4 are sustained. The use of the terms "high risk," "mental image," and "specific recollection" are overly broad and irrelevant.

The defendant's objections to requests for admissions Nos. 5 through 10 are overruled.

Defendant's objections to requests for admissions Nos. 11 through 22 are sustained. The repeated request for an opinion "from (the defendant's point of view)" is irrelevant. The defendant has not been presented as an expert and

any opinions expressed by her during a deposition should not be permitted to be bootstrapped into an Admission. The deposition testimony of the defendant can certainly be used to impeach the defendant at the appropriate time should she offer testimony that contradicts her deposition.