Present:  All the Justices

HOWELL RUSS

v. Record No. 030892  OPINION BY JUSTICE CYNHTIA D. KINSER
                                    March 5, 2004
JAMES DESTIVAL

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Leslie M. Alden, Judge


The sole question in this appeal is whether a jury instruction stating that a bicyclist has a duty to refrain from entering or crossing an intersection in disregard of "close or approaching" traffic is an inaccurate statement of law.  In light of the plain terms of Code § 46.2-924(B), we answer that question in the affirmative and thus conclude that the circuit court erred in granting the instruction.

Howell Russ, the appellant, filed a motion for judgment against James Destival, the appellee, claiming damages for personal injuries allegedly sustained as a result of an accident that occurred at the intersection between Braddock Road and Prestwick Drive in Fairfax County.  Russ was riding a bicycle westbound along a path that runs adjacent to Braddock Road and, as he proceeded

across Prestwick Drive, he was struck by an automobile driven by Destival.[1]

Braddock Road is a four-lane highway divided by a median strip. Prestwick Drive is a two-lane street that provides ingress and egress to a residential neighborhood and has a posted speed limit, according to Russ, of 25 miles per hour. As Destival traveled along Prestwick Drive and approached the intersection between these two roads, he came to a stop sign and white "stop line" at the end of Prestwick Drive. According to his trial testimony, Destival stopped his vehicle behind the white line but then "eased" his vehicle forward, beyond the white line, to within six to eight feet of the eastbound lanes of Braddock Road in order to see oncoming traffic more clearly. He intended to turn left and proceed westbound on Braddock Road. When he accelerated forward to cross the eastbound lanes to the median, he heard a yell and a "large thud." Destival admitted that he never saw Russ before the impact.

Russ testified that, as he approached the intersection in question, he saw Destival's vehicle come to a stop beyond the white line "but not in the path of the bike path." He stated that Destival's vehicle "roll[ed] through

---

[1] Russ was towing a trailer in which his three-year-old son was riding.

the stop sign and stop[ped] just before the end of the bike path."  Russ admitted that he never stopped his bicycle before crossing Prestwick Drive in front of Destival's vehicle.

During argument on jury instructions, Destival offered Jury Instruction Q, which stated:

> A bicyclist has a duty to use ordinary care when he is riding on or crossing the hard surface of a highway:
>
> (1)  to keep a lookout for motor vehicles;
>
> (2)  to refrain from entering or crossing an intersection or the hard surface of a highway in disregard of traffic which is close or approaching in such a manner that a reasonable person would not attempt to enter or cross; and
>
> (3)  to step or move from his course into a place of safety if it reasonably appears to him that he is in danger of being struck by a motor vehicle.
>
> If a bicyclist fails to perform any one or more of these duties, then he is negligent.

Destival had modified the instruction from its original version to include the word "close" in subsection 2.  The circuit court granted the jury instruction over Russ' objection, and the jury returned a verdict in favor of Destival.

Russ filed a motion to set aside the jury verdict and enter judgment in his favor, or in the alternative, to

3

grant him a new trial. The circuit court denied Russ'
motion. This Court granted Russ an appeal limited to the
following assignment of error:

> The court erred in its rulings regarding the jury
> instructions on the appropriate law, and further in
> failing to grant the plaintiff judgment
> notwithstanding the verdict on these grounds.

> A. The court erred when it approved defendant's
> Instruction Q, as modified by the defendant, as it was
> an inaccurate and misleading statement of Virginia
> law.

As Destival correctly argues, the sole issue before us
is whether Instruction Q was a correct statement of
Virginia law. Any question about whether that instruction
was applicable to the facts of this case is not encompassed
within the assignment of error. Thus, we will confine this
opinion to the narrow issue raised by Russ' assignment of
error. See Wolfe v. Board of Zoning Appeals, 260 Va. 7,
14-15, 532 S.E.2d 621, 624-25 (2000) (we do not consider
arguments that are not the subject of an assignment of
error).

Russ' contention that Instruction Q was an inaccurate
statement of law focuses on the insertion of the word
"close" in subsection 2. He contends that the instruction
as modified altered the provisions of Code § 46.2-924
establishing a pedestrian's right-of-way and that the jury

4

was thus presented with an inaccurate legal standard regarding his duty of care.

The relevant provisions of Code § 46.2-904 state that "[a] person riding a bicycle . . . on a sidewalk, shared-use path, or across a roadway on a crosswalk, shall have all the rights and duties of a pedestrian under the same circumstances."[2]  A pedestrian's right-of-way vis-à-vis a vehicle is set forth in Code § 46.2-924(A):

>    A. The driver of any vehicle on a highway shall yield the right-of-way to any pedestrian crossing such highway:
>
>    1. At any clearly marked crosswalk, whether at mid-block or at the end of any block;[3]
>
>    2. At any regular pedestrian crossing included in the prolongation of the lateral boundary lines of the adjacent sidewalk at the end of a block;
>
>    3. At any intersection when the driver is approaching on a highway or street where the legal maximum speed does not exceed thirty-five miles per hour.

---

[2] In light of the statute, we will use the terms "bicyclist" and "pedestrian" interchangeably.
    The term "crosswalk" is defined as "that part of a roadway at an intersection included within the connections of the lateral lines of the sidewalks on opposite sides of the highway measured from the curbs or, in the absence of curbs, from the edges of the traversable roadway; or any portion of a roadway at an intersection or elsewhere distinctly indicated for pedestrian crossing by lines or other markings on the surface."  Code § 46.2-100.

[3] The pictures introduced into evidence demonstrate that there was not a marked crosswalk at the intersection of Braddock Road and Prestwick Drive.

However, Code § 46.2-924(B) states, in pertinent part, that "[n]o pedestrian shall enter or cross an intersection in disregard of approaching traffic." This latter provision is determinant of the issue in this appeal.

Subsection 2 of Instruction Q informed the jury that a bicyclist has a duty to refrain from entering or crossing an intersection in disregard of traffic that is either "close or approaching." The addition of the word "close" altered the statutory duty of a bicyclist. The provisions of Code § 46.2-924(B) require a bicyclist to refrain from entering or crossing an intersection in disregard of "approaching traffic." The statute does not include traffic that is "close." To state in a jury instruction that a bicyclist must refrain from entering or crossing an intersection in disregard of traffic that is "close," i.e., stopped, runs afoul of the plain terms of Code § 46.2-924(B) and a pedestrian's right-of-way established in subsection A of that statute.

Contrary to Destival's argument, this Court's decisions in which we have used words such as "near," "in close proximity," "close," or "dangerously near" in describing those vehicles that a pedestrian should see and heed do not support a different result. In Hopson v.

Goolsby, 196 Va. 832, 839, 86 S.E.2d 149, 153 (1955) (quoting Hooker v. Hancock, 188 Va. 345, 356, 49 S.E.2d 711, 716 (1948)), we stated that "if a person having a duty to look 'carelessly undertakes to cross without looking, or, if looking, fails to see or heed traffic that is obvious and in dangerous proximity and continues on into its path, he is guilty of negligence as a matter of law.' " Accord Carson v. LeBlanc, 245 Va. 135, 140, 427 S.E.2d 189, 192 (1993); Cofield v. Nuckles, 239 Va. 186, 190, 387 S.E.2d 493, 495 (1990); Straughan v. Nash, 215 Va. 627, 632, 212 S.E.2d 280, 283 (1975). Elaborating on a pedestrian's duty to keep a lookout for vehicles, we explained that "[t]he duty of looking is based on the wisdom of seeing whether traffic is approaching, where and at what speed" and "[i]f looking discloses approaching traffic, then the right to proceed is to be tested by whether a person of ordinary prudence would attempt it." Hopson, 196 Va. at 839, 86 S.E.2d at 153 (citing Rhoades v. Meadows, 189 Va. 558, 562, 54 S.E.2d 123, 125 (1949)). These cases and the others cited by Destival emphasizing a pedestrian's duty to see and heed "approaching" traffic are consistent with the directive in Code § 46.2-924(B) requiring a pedestrian not to enter or cross an

7

intersection in disregard of "approaching traffic."  They do not alter a pedestrian's duty in that instance.

Thus, we hold that Instruction Q was not an accurate statement of Virginia law and that the circuit court erred in giving the instruction to the jury.[4]  Accordingly, we will reverse the judgment of the circuit court and remand this case for further proceedings.

<u>Reversed and remanded</u>.

---

[4] We express no opinion regarding whether Instruction Q without the modification applies to the facts of this case or whether, in a new trial, the circuit court should give such an instruction to the jury.