# CIRCUIT COURT OF FAIRFAX COUNTY

Government
Telecommunications, Inc.

     v.

Verizon Federal, Inc.

November 20, 2007

Case No. CL 2006-10233

BY JUDGE JONATHAN C. THACHER

     This matter came before this Court on July 27, 2007, on Defendant Verizon Federal Inc.'s (Verizon) Motion for Partial Summary Judgment on its Counterclaim and Summary Judgment on Government Telecommunications Inc.'s (GTI) Complaint. After considering counsels' arguments and reviewing each party's briefs, the Court grants Verizon's Motion for Partial Summary Judgment and denies the Motion for Summary Judgment.

*Background*

     This case involves a contract dispute between GTI and Verizon. GTI contracts with various governmental agencies to provide the design and installation of telecommunications infrastructure. On December 5, 1997, the United States General Services Administration awarded Contract No. GS00T97NSD0112 to provide Wire and Cable Services (the WACS contract) on a nationwide basis. Subsequently on June 22, 1998, GTI and Verizon entered into a subcontract agreement where Verizon agreed to provide WACS related work.

     On June 5, 2003, the District of Columbia Public Schools notified GTI that it was ordering services under the WACS Contract. Compl. ¶ 16. GTI and the DC Public School's reduced their agreement in DCPS Delivery Order.

*Id.* Pursuant to the GTI/Verizon subcontract, GTI entered into a purchase order with Verizon, where Verizon would perform the actual WACS related work for the DCPS Delivery Order. Compl. ¶ 17.

This litigation arose when GTI filed a complaint against Verizon for "usurpation of GTI's Contract with the District of Columbia Public Schools for the supply and installation of internal connection wiring and cabling equipment and related goods and services." Compl. ¶ 16. GTI alleges that Verizon breached its subcontract with GTI and tortiously interfered with GTI's contractual relations with the DC Public Schools.

In GTI's Breach of Contract claim, GTI alleges that Verizon breached the GTI/Verizon subcontract by using GTI's confidential information, by interfering with GTI's contractual relations with the DC Public Schools, and by failing to use its best efforts to generate WACS contract sales revenue for GTI as set out in the subcontract. Compl. ¶ 28. Additionally, GTI alleges that Verizon misappropriated GTI's confidential information for the purpose of soliciting WACS-type work away from GTI. Compl. ¶ 33.

In response to GTI's complaint, Verizon filed a counterclaim against GTI seeking damages for breach of the same underlying contract. Verizon argues that it rendered services under the subcontract and properly submitted invoices to GTI for payment. Furthermore, Verizon alleges that GTI has failed to provide payment for these services. Compl. ¶ 21.

*Analysis*

A trial court may appropriately grant summary judgment only in cases in which no material facts are genuinely disputed. Rule 3:18; *Thurmond v. Prince William Professional Baseball Club, Inc.*, 265 Va. 59, 64, 574 S.E.2d 246, 250 (2003); *Majorana v. Crown Central Petroleum Corp.*, 260 Va. 521, 525, 539 S.E.2d 426, 428 (2000). The summary judgment rules and the discovery rules permit a trial court to end litigation at an early stage when one of the parties is entitled to a judgment in the case as made out by the pleadings and the parties' admissions. *Carson v. LeBlanc*, 245 Va. 135, 139-40, 427 S.E.2d 189 (1993). However, when reviewing a motion for summary judgment, a trial court must adopt and accept as true "those inferences from the facts that are most favorable to the nonmoving party, unless the inferences are forced, strained, or contrary to reason." *Dickerson v. Fatehi*, 253 Va. 324, 327, 484 S.E.2d 880, 882 (1997).

Verizon's motion seeks two grants of summary judgment. First, Verizon contends that it is entitled to partial summary judgment in the amount of $2,427,605.82 based on the pleadings outlined in its Counterclaim and

GTI's admissions. Second, Verizon argues that, as a matter of law, GTI cannot prevail on its claims alleged in GTI's complaint.

I. *Verizon's Motion for Partial Summary Judgment*

For this court to grant Verizon's Motion, Verizon must establish that a material question of fact does not exist to the claims raised in its Counterclaim. Verizon must show that (1) a legally enforceable obligation existed between the parties; (2) GTI breached that obligation; and (3) GTI's breach caused Verizon's damages. *See Filak v. George*, 267 Va. 612, 619, 594 S.E.2d 610, 614 (2004) (citing *Brown v. Harms*, 251 Va. 301, 306, 467 S.E.2d 805, 807 (1996)).

Verizon has carried that burden. GTI admits in its Answer to Verizon's Amended Counterclaim that the subcontract between the parties is valid and enforceable. GTI's Answer ¶ 19. Furthermore, GTI states that it has failed to pay certain invoices, but claims no liability for failure to pay because GTI "disputes the validity of certain invoices at issue." *Id.* ¶¶ 14-18, 22-23. However, GTI, in its supplemental responses to Verizon interrogatories, concedes that it does not dispute the validity of Invoice # 0302291-08830. Supplemental Response to Interrogatory # 1. Invoice # 0302291-08830 outlines the work performed by Verizon on the DSC-Richmond project, totaling $2,427,605.82.

A trial court may enter summary judgment, interlocutory in nature, when an undisputed portion of a contested claim is established. Rule 3:20. Here, Verizon is not seeking summary judgment for all the damages alleged in its Counterclaim. Rather, Verizon is only seeking partial summary judgment for work performed under Invoice # 0302291-08830. Neither party contests the validity of this Invoice, nor does GTI raise any other reason to dispute the invoice. Based upon GTI's admissions in its responsive pleadings and in its interrogatory responses, the Court finds that partial summary judgment is appropriate.

GTI's argument that it is entitled to hold this money, which rightfully belongs to Verizon, as a setoff to amounts owed by Verizon to GTI under Count I and Count II is without legal support. GTI concedes that Verizon is rightfully entitled to monies itemized in Invoice # 0302291-08830. *Advante Designs Inc. v. McGinnis*, 61 Va. Cir. 134 (2003), stands for the proposition that a court can impose a constructive trust on property acquired by *improper means*. Here, GTI does not assert that the monies owed to Verizon under Invoice # 0302291-08830 were wrongfully acquired by Verizon. Rather, by GTI's own admissions, GTI concedes that Verizon performed the DCS-

Richmond work. GTI has not argued to this court that Verizon engaged in wrongful conduct in regards to Invoice # 0302291-08830. Therefore, this court does not have the authority to impose a constructive trust on property which Verizon is entitled to possess.

## II. *Summary Judgment on GTI's Complaint*

In their Motion, Verizon also seeks summary judgment on GTI's complaint. Summary judgment is an extreme remedy and should only be granted when there is not a material question of fact presented. *Turner v. Lotts*, 244 Va. 554, 555, 422 S.E.2d 765, 766 (1992). Moreover, a trial court must accept as true all favorable inferences from the facts that are most favorable to the nonmoving party. *Dickerson v. Fatehi*, 253 Va. 324, 327, 484 S.E.2d 880, 882 (1997).

Verizon argues that GTI cannot succeed on its claim for tortious interference as a matter of law. For a party to succeed on a claim for tortious interference, they must show (1) the existence of a contractual relationship or business expectation; (2) that the inteferor had knowledge of the relationship or expectation; (3) intentional interference inducing or causing a breach or termination of that relationship or expectation; and (4) causing damage to the party whose relationship or expectancy has been disrupted. *Chaves v. Johnson*, 230 Va. 112, 120, 335 S.E.2d 97, 102 (1985).

The pleadings and GTI's admissions have raised a material question of fact that entitles GTI to proceed to trial. The pleadings establish the necessary elements for a claim of tortious interference. Moreover, each party's admissions and the inferences from those admissions do not establish that Verizon is entitled to summary judgment. Not reaching the merits of the factual disputes, the Court finds that a trial is necessary before this matter can be resolved. Therefore, GTI is entitled to pursue this claim at trial.

GTI is also entitled to pursue its breach of contract claim against Verizon at trial. To establish a valid claim for breach of contract, GTI must prove: (1) a legally enforceable obligation; (2) Verizon breached that obligation; and (3) Verizon's breach caused GTI to suffer damages. *Filak v. George*, 267 Va. 612, 619, 594 S.E.2d 610, 614 (2004). GTI's pleadings establish a valid contract claim. Verizon's motion does not address every issue presented in GTI's claim for breach of contract.

At this stage of the litigation, the Court would have to make factual findings in favor of Verizon to grant summary judgment. A trial court is required to resolve any reasonable doubt as to the sufficiency of the evidence in favor of the plaintiff. *Costner v. Lackey*, 223 Va. 377, 381, 290 S.E.2d 818,

820 (1982). A court in considering a motion for summary judgment must adopt those inferences from the facts that are most favorable to the nonmoving party, unless the inferences are strained, forced, or contrary to reason. *Carson, ex rel. Meredith v. LeBlanc*, 245 Va. 135, 140, 427 S.E.2d 189, 192 (1993).

## Conclusion

The Court, finding that a material question of fact does not exist in regards to Verizon's Motion, grants the Motion for Partial Summary judgment in the amount of $2,427,605.82. The Court also finds that there are outstanding questions of fact. Therefore, the Court denies Verizon's Motion for Summary Judgment on GTI's Complaint.

Final judgment is reserved for trial when the remainder of Verizon's Counterclaim will be litigated and GTI's Complaint will be litigated.