# CIRCUIT COURT OF THE CITY OF NORFOLK

Workflow Solutions, L.L.C.

v.

Mike A. Lewis

December 12, 2008

Case No. CL08-4634

BY JUDGE LOUIS A. SHERMAN

This matter came before the Court for argument on November 25, 2008, upon the motions of the defendant, by his counsel, demurring to the plaintiff's complaint and amended complaint and, alternatively, for summary judgment with regard to the pleadings and discovery thus far concluded in these proceedings.

*Background*

Defendant, Mike A. Lewis, was previously employed by a predecessor company of Plaintiff Workflow Solutions, L.L.C. (hereinafter "Workflow"). (Plaintiff's Amended Complaint, p. 2.) In December of 2003, Lewis resigned from Workflow as a result of allegations by Workflow that Lewis had violated certain restrictive employment covenants he had agreed to prior to his employment with Workflow. Following threatened litigation by Workflow, the parties, each represented by counsel, reached an agreement on March 5, 2004, which stated in relevant part:

[Mr. Lewis] shall be employed by [Workflow] . . . on an "at will" basis for a six-month "trial period," after which, the parties may continue if that is the mutual desire of [Workflow] and [Mr. Lewis]; if employment continues, [Mr. Lewis] shall execute a new employment agreement continuing . . . restrictive covenants in the form attached as Exhibit A.

Exhibit A, attached to and incorporated as part of Plaintiff's complaint, is the employment agreement that contained the restrictive covenants Lewis had signed prior to his resignation on December 2003. It reads in relevant part as follows:

(9) Non-Solicitation of customers . . . (a) Employee agrees that, for a period of one year following the last day of Employee's employment, Employee will not directly or indirectly, compete with Employer by soliciting or accepting competing business from: (i) any person or entity who or which was a customer of Employer at the time of Employee's termination and/or for a one-year period prior thereto, from who or which Employee solicited or accepted business on behalf of Employer; or (ii) any person or entity which was a customer of Employer at the time of Employee's termination and/or for a one-year period prior thereto about whom Employee acquired proprietary and/or confidential information while employed that is material to Employer's business interests.

Lewis worked for Workflow from the date of the aforesaid agreement, March 5, 2004, for over four years, until July 18, 2008, when he resigned again. However, during that time, Workflow had never presented a new employment agreement with the stated restrictive employment covenants to Lewis, and Lewis had not signed any such agreement before he resigned for the second time on July 18, 2008.

### Arguments of the Parties

Pursuant to Counts I, II, and III of its Amended Complaint, Workflow prays that this Court enter an order which would compel Lewis to execute an employment agreement containing the restrictive employment covenants set forth in Exhibit A attached to its complaint; would enjoin and restrain Lewis from competing with Workflow as set forth in paragraph 9 of the said

restrictive covenants and from using any propriety and/or confidential information obtained by Lewis during the course of his employment with Workflow; and, pursuant to Count IV of the Amended complaint, would make Workflow whole for any and all assets that were allegedly diverted from Workflow by Lewis in violation of his breach of duty of loyalty to Workflow.

Workflow contends that, even though it did not present and Lewis did not sign a new restrictive employment covenant, as required by the parties' March 5, 2004, settlement agreement, Lewis is still bound by those restrictive covenants as he did work beyond the original six-month trial period and the settlement agreement states that Lewis "shall execute a new employment agreement" containing the earlier restrictive covenants.

On August 8, 2008, Lewis, by counsel, filed a demurrer requesting that Workflow's complaint against him be dismissed because, even if all of Workflow's claims are taken as true, they fail to state a claim upon which the court may grant the relief sought, inasmuch as restrictive covenants are not favored under the law and there is no dispute by either party that Workflow did not present and Lewis did not sign a new restrictive employment covenant as set forth in the parties' March 5, 2004, settlement agreement. Alternatively, Lewis has requested that his motion for summary judgment be granted based on the pleadings filed and discovery completed as of November 25, 2008.

## I. *Demurrer*

### *Standard of Review*

"In any suit in equity or action at law, the contention that a pleading does not state a cause of action or that such pleading fails to state facts upon which the relief demanded can be granted may be made by demurrer." Code of Virginia § 8.01-273. "[A] demurrer admits the truth of all well-pleaded material facts. All reasonable factual inferences fairly and justly drawn from the facts alleged must be considered in aid of the pleading. However, a demurrer does not admit the correctness of the pleader's conclusions of law." *Fox v. Custis*, 236 Va. 69, 71 (1988). "[A] court considering a demurrer may ignore a party's factual allegations contradicted by the terms of authentic, unambiguous documents that properly are a part of the pleadings." *Ward's Equip. v. New Holland N. Am.*, 254 Va. 379, 382 (1997).

*Analysis*

A. *Lewis Did Not Sign a "New" Employment Agreement*

Lewis, by counsel, asserts that, because he did not sign a new employment agreement after he resigned for the first time and then resumed working at Workflow, the plaintiff fails to assert facts upon which relief can be granted. (Defendant's Brief in Support of Demurrer.) The Court agrees with Defendant as to Counts I, II, and III of the Amended Complaint, and will sustain the demurrer on those counts. However, the Court disagrees as to Count IV, and overrules defendant's demurrer as to Count IV of said complaint.

The court finds persuasive the ruling of this court in a prior case, *Professional Heating & Cooling, Inc. v. Smith*, 64 Va. Cir. 313 (2004). In that case, the Honorable Everett A. Martin sustained the defendant's demurrer because the defendant had not signed a second "No Piracy Agreement." 64 Va. Cir. 313 (2004). The defendant in *Professional Heating & Cooling* worked for the plaintiff until March of 2001, when he resigned. The defendant later returned to work for plaintiff in June of 2001 but never signed a second "No Piracy Agreement." The defendant resigned again in October 2003 and began to work for a competitor of the plaintiff which was a violation of the original "No Piracy Agreement." Judge Martin sustained the defendant's demurrer because the court found the original "No Piracy Agreement" had expired in March of 2003. The court followed previous Virginia precedent and stated in relevant part:

> [i]n Virginia "contracts are construed as written, without adding terms that were not included by the parties," and "when the terms of a contract are clear and unambiguous, a court must give them their plain meaning." (*quoting Amchem Products v. Asbestos Case Plaintiffs*, 264 Va. 89, 98 (2002)). Furthermore, "[c]ovenants not to compete are restraints on trade and accordingly are not favored. . . . As a restraint of trade, the covenant must be strictly construed. . . ." (*quoting Motion Control Systems, Inc. v. East*, 262 Va. 33, 37 (2001)). . . . There is no provision in the agreement or any overriding principle of law that would toll the running of the two year period or reimpose the entire period when Smith resumed employment. To do so would re-write the parties' contract and violate the rule to strictly construe such agreements.

Therefore, the defendant's demurrer was sustained. *Id.*

The Supreme Court of Virginia in *Persinger & Co. v. Larrowe*, 252 Va. 404 (1996), found that the defendant was not bound by a non-competition clause contained in a partnership agreement he did not sign, although he had in fact served as a partner for several months and accepted the partnership interest. The defendant in *Persinger* was employed by the plaintiff company, resigned, and later resumed employment and was given a partnership agreement with a non-competition clause that he refused to sign. *Id.* at 405-06. The Court stated in pertinent part:

> [t]he 1989 partnership agreement evinces the intent of its signatories to conduct business as a partnership and be bound by the included non-competition provision. It is true that in the course of the Persinger firm's negotiations with Larrowe, he was shown this document. Thereafter, when an equity partnership was extended to Larrowe and that offer was accepted by him, no reference was made to this document. Nothing in the record supports the conclusion that this offer expressly or implicitly required Larrowe to become a party to the 1989 agreement.

*Id.* at 408. Therefore, the Court found the defendant was not bound by the partnership agreement and the restrictive covenant in that agreement as he did not sign it, though he did benefit from being a partner at the accounting firm.

The court is not persuaded by counsel for the plaintiff's argument that *Professional Heating & Cooling* and *Persinger* can be distinguished because the parties' settlement agreement specifically referenced the earlier restrictive covenants previously agreed to by the parties. That earlier agreement, by its own terms, expired one year after Lewis had first resigned from Workflow in December 2003. The court finds that, simply because the parties' March 5, 2004, settlement agreement referenced the original restrictive employment covenant, it does not negate the fact that Workflow did not offer and Lewis did not sign a *"new employment agreement"* as specifically set forth in the settlement agreement. (Emphasis added.)

Following the precedent set in *Professional Heating & Cooling* and *Persinger*, the Court finds that it cannot create or enforce a new agreement that was never presented to Lewis and that he did not sign, even though he benefited from working at Workflow. If this Court takes all of the Plaintiff's

factual allegations as true, there is no cause of action upon which relief can be granted. Both parties agree that Lewis and Workflow signed a settlement agreement. However, this settlement agreement had express language which stated that, after Lewis' and Workflow's trial period of six-months, if the parties agreed to continue employment, "[Mr. Lewis] shall execute a *new* [emphasis added] employment agreement continuing restrictive covenants" that were in the previous employment agreement. The parties agree that Workflow and Lewis did not execute a new employment agreement with said restrictive covenants. The court will not re-write the parties' settlement agreement to create new restrictive covenants because these covenants, as stated previously, are not favored in Virginia and must be strictly construed. Therefore, the Court will sustain the defendant's demurrer as to Counts I, II, and III of the Amended Complaint regarding the breach of the parties employment agreement. The court finds it unnecessary to rule on the defendant's alternate argument, that the language contained in the original restrictive employment covenants is "unduly vague and overbroad" because it finds that Lewis is not subject to the original employment agreement and its restrictive covenants.

As to Count IV of Plaintiff's Amended Complaint, alleging that Lewis breached his duty of loyalty to Workflow, the court will overrule the defendant's demurrer. The Plaintiff claims that Lewis breached his duty of loyalty "during his employment with Workflow by improperly soliciting at least one customer of Workflow to move its business from Workflow to a direct competitor of Workflow, for his personal benefit and the benefit of Workflow's competitor." The court finds that the plaintiff has alleged sufficient facts upon which relief may be granted as to Count IV.

While the court has overruled Defendant's demurrer as to Count IV, Defendant has also requested a Bill of Particulars as to that count. However, in court, it was indicated that Plaintiff had just provided discovery materials to Defendant as to Count IV, which might render the request for a Bill of Particulars moot. Should these discovery materials prove to be inadequate to address Defendant's concerns as to Plaintiff's Count IV, Defendant may renew its request.

The Court overrules defense counsel's demurrer as to Count IV. With regard to the defendant's motion for a bill of particulars, the court asks the defendant to renew its motion, depending on the adequacy of the discovery materials provided by the plaintiff to the defendant after the hearing on November 25, 2008.

## II. *Summary Judgment*

### *Standard of Review*

A court must adopt those inferences from the facts that are most favorable to the nonmoving party. If any material fact is in dispute, a motion for summary judgment is not appropriate. (*See Carson, ex rel. Meredith v. LeBlank*, 245 Va. 135, 427 (1993); *Costner v. Lackey*, 223 Va. 377 (1982).)

### *Analysis*

### *Counts I, II, III*

The court finds it unnecessary to rule on Defendant's motion for summary judgment because it has previously sustained Defendant's demurrer as to Counts I, II, and III. However, the court finds there are material facts in dispute as to Count IV of the amended complaint at this time and summary judgment is denied at this time.

### *Conclusion*

The Court will sustain defendant's demurrer as to Counts I, II, and III of the Plaintiff's Amended Complaint. The Court will overrule the defendant's demurrer as to Count IV as well as his motion for summary judgment at this time. Defendant may also renew his request for a Bill of Particulars should that become necessary.