# CIRCUIT COURT OF HANOVER COUNTY

Tuggle Masonry, Inc.

v.

Daniel Dailey

## March 15, 2010

## Case No. CL08000900-00

BY JUDGE J. OVERTON HARRIS

Before the Court is Defendant's Motion for Summary Judgment. The Court heard argument on the motion on March 11, 2010 and took the matter under advisement. Following a thorough review of the pleadings, the memoranda and briefs filed by counsel, the evidence presented, and the law, the Court finds as follows.

### *I. Standard of Review*

Summary judgment should be granted where "the only dispute concerns a pure question of law. It applies only to cases in which no trial is necessary because no evidence could affect the result." *Carwile v. Richmond Newspapers, Inc.*, 196 Va. 1, 5, 82 S.E.2d 588, 591 (1954). "Summary judgment shall not be entered if any material fact is genuinely in dispute." Va. Sup. Ct. R. 3:20. "The burden of establishing the nonexistence of a genuine issue of fact is on the party moving for summary judgment, and the court must view the facts and inferences in a light most favorable to the nonmoving party." W. Hamilton Bryson, *Virginia Civil Procedure* § 6.07 (4th ed. 2005) (citing *Carson v. LeBlanc*, 245 Va. 135, 427 S.E.2d 189 (1993)). Summary judgment is based upon

"the pleadings, the orders, if any, made at a pretrial conference, the admissions, if any, in the proceedings, or, upon sustaining a motion to strike the evidence." Va. Sup. Ct. R. 3:20.

## II. Background

On March 20, 2007, Timmie Edward Tuggle submitted a written proposal to Daniel Dailey to perform masonry work in connection with the construction of a residential dwelling located in Hanover County, Virginia. The proposal was for services in the amount of $45,991.85. Accompanying the proposal was Tuggle's business card, which included the notation "licensed and insured." At the time Tuggle tendered the proposal to Dailey, Tuggle Masonry, Inc. ("Tuggle Masonry") held a Class C contractor's license. Dailey subsequently gave Tuggle a check, dated October 12, 2007, in the amount of $20,000.00 for the masonry work performed. Tuggle Masonry acquired a Class A contractor's license on November 7, 2007. Tuggle Masonry filed suit on October 22, 2008, for breach of contract and unjust enrichment alleging that $30,300.00 remained due and owing pursuant to the contract and work performed.

## III. Analysis

Va. Code § 54.1-1100 states in pertinent part:

"Class C contractors" perform or manage construction, removal, repair, or improvements when (i) the total value referred to in a single contract or project is over $1,000 but less than $7,500, or (ii) the total value of all such construction, removal, repair, or improvements undertaken by such person within any 12-month period is less than $150,000.

Section 54.1-1115(A)(1) provides that it shall be a class 1 misdemeanor to "[contract] for, or [bid] upon the construction, removal, repair, or improvements to or upon real property owned, controlled, or leased by another person without a license or certificate, or without the proper class of license as defined in [Va. Code] § 54.1-1100 for the value of work to be performed." Section 54.1-1115(B) sets forth a daily penalty and establishes that a violation of the license requirement is also a violation of the Virginia Consumer Protection Act.

The law in Virginia is well established that "a contract made in violation of a police statute enacted for public protection is void and there can be no recovery thereon." *Bowen Elec. Co. v. Foley*, 194 Va. 92, 100, 72 S.E.2d 388, 393 (1952). The statutes referenced above are designed to protect the public and are a valid exercise of police powers. *Sutton Co. v. Wise Contracting Co.*, 197 Va. 705, 709-10, 90 S.E.2d 805, 808 (1956). While the rule may appear harsh in its application, the Supreme Court of Virginia consistently upholds its application as it relates to the licensing of contractors. *See, e.g., Bowen*, 194 Va. at 100-02, 72 S.E.2d at 393-94; *Bacigalupo v. Fleming*, 199 Va. 827, 832, 102 S.E.2d 321, 324 (1958). The Court noted "that enforcement of the contract is denied to the unlicensed contractor as a penalty for his failure to comply with the registration laws, not because of the nature of the transaction." *Bacigalupo*, 199 Va. at 832, 102 S.E.2d at 324 (1958). The legislature has attempted to strike a balance, however, with Va. Code § 54.1-1115(C) which states:

> No person shall be entitled to assert the lack of licensure or certification as required by this chapter as a defense to any action at law or suit in equity if the party who seeks to recover from such person gives substantial performance within the terms of the contract in good faith and without actual knowledge that a license or certificate was required by this chapter to perform the work for which he seeks to recover payment.

Tuggle Masonry admittedly operated under a Class C license when the proposal was submitted to Dailey. Although Tuggle Masonry acquired a Class A license shortly after receiving a check from Dailey in October 2007, Va. Code § 54.1-1115(C) does not contain a saving provision for contractors who bring their businesses into conformity with the law after the fact. Thus, any contract entered into or bid submitted by Tuggle Masonry prior to November 7, 2007, for $7,500 or more is void, unless it can prove the company falls within the exception set forth in Va. Code § 54.1-1115(C). Whether or not Tuggle Masonry substantially performed in good faith and without actual knowledge has not been addressed. Having reviewed the pleadings, admissions, interrogatories, orders, and briefs filed by counsel, the record is devoid of any evidence that would allow this Court to decide the issue as a matter of law. Thus, the matter

remains genuinely in dispute and is material, given the nature of the applicable statute.

For the reasons articulated in this opinion letter, the defendant's motion for summary judgment is denied.